IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LILIA E. LAWLER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | EP-09-CV-252-KC |
| § | |
| MIRATEK CORP., et al., § | |
| § | |
| Defendants. § | |

## ORDER

On this day, the Court came to consider the Motions to Dismiss filed by Defendants Delgado, Lucero, Gonzales, and Morales (Docs. No. 4, 5, 19, 20). For the reasons set forth below, these Motions are **DENIED**.

I.   BACKGROUND

Plaintiff Lilia E. Lawler is a resident of El Paso, Texas. Pl.'s Original Pet. 2 ("Orig. Pet.") (Doc. No. 1 at 9-23). Defendants Flor Angelica Delgado, Patricia Holguin Lucero, Domingo Gonzales III, and Manuel Morales are also residents of El Paso, Texas and were Plaintiff's co-workers. *Id.* at 3-4, 11, 14. Defendant Miratek Corporation ("Miratek") is a Texas corporation headquartered in El Paso which employed Lawler starting in February 2006. *Id.* at 2-3. Miratek fired Lawler in July 2008. *Id.* at 3. Plaintiff filed suit on May 21, 2009, in the 120th Judicial District Court of El Paso County, Texas, alleging statutory employment claims as well as common law defamation claims. *See* Def.'s Notice of Removal (Doc. No. 1). Defendants filed for removal to federal court on July 6, 2009, in the United States District Court for the Western

District of Texas. *Id.* The Court severed the case on March 2, 2010, remanding the statutory employment claims to state court and keeping the defamation claims in federal court. *See* Order, Mar. 2, 2010 at 15 (Doc. No. 49).

Lawler worked for Miratek from February 2006 to July 2008, first as a Safety Officer, and then as a Hazardous Waste Facility Program Manager. Orig. Pet. 3. Plaintiff alleges that Defendants Delgado, Lucero, Gonzales, and Morales defamed her prior to and at the time of her termination by making verbal and written statements accusing her of misuse of government employees and property, falsifying employment time sheets, nepotism, having a sexual relationship with a Contract Officer Representative, and causing Defendant Delgado's miscarriages. *Id*. at 14. Plaintiff claims that these statements were false, misleading, and made with intent to harm Plaintiff. *Id.* Plaintiff also claims that these statements have injured her business, profession and occupation, including loss of earnings and earning capacity. *Id.* All defamatory events took place at Fort Bliss Military Base, a federal enclave over which the United States Government exercises exclusive federal jurisdiction. *See* Notice of Removal 3.

Several Defendants have moved to dismiss Lawler's defamation claims. *See generally* Def. Flor Angelica Delgado's Mot. to Dismiss ("Delgado Mot.") (Doc. No. 4), Def. Patricia Holguin Lucero's Mot. to Dismiss ("Lucero Mot.") (Doc. No. 5), Def. Domingo Gonzalez's Mot. to Dismiss ("Gonzalez Mot.") (Doc. No. 19), Def. Manuel Morales' Mot. to Dismiss ("Morales Mot.") (Doc. No. 20), Def. Francisco Gomez's Mot. to Dismiss ("Gomez Mot.") (Doc. No. 36). As these Motions are virtually identical to one another, this Order will cite to the Delgado Motion for ease of reference, but the reference should be understood to be to all the motions. Moreover, the Defendants who have filed the instant motions will be referred to as the "moving

Defendants" throughout.

## II. DISCUSSION

### A. Rule 12(b)(6) Standard

A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the court must accept well-pleaded facts as true and view them in a light most favorable to the plaintiff. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Still, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted); *see also Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (stating that a court need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions.").

Though a complaint need not contain "detailed" factual allegations, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (internal citation omitted). Thus, to survive a motion to dismiss, a plaintiff's complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Id.* at 570. Nevertheless, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### B. Pleading Standard in Defamation Cases

Defendants argue that the Court should apply heightened pleading requirements to Plaintiff's Original Petition; specifically, that "a plaintiff must specifically plead the time and place of the publication." *See* Delgado Mot. 2 (citing *Jackson v. Dallas Indep. Sch. Dist.* No. 3:98-CV-1079, 1998 WL 386158, at *5 (N.D. Tex. Jul. 2, 1998)).  Some federal courts have recognized such a requirement as being a uniquely heightened one applicable to defamation claims.  *See Jackson*, 1998 WL 386158, at *5 (characterizing this as "more particular pleading"). This comports with traditional state-law approaches which require more specific pleadings in defamation actions.  *See*, *e.g.*, *In re Jennings*, 203 S.W.3d 32, 34 n.2 (Tex. Ct. App. 2006).  In fact, the moving Defendants appear to invoke the Texas pleading standards specifically when they argue that Lawler is "required to specifically plead the nature of the defamatory statements that were made, the time the alleged statements were made, and the place or forum in which they were made."  *Compare* Delgado Mot. 2 *with In re Jennings*, 203 S.W.3d at 34 n.2.

The better view, however, is that there is no special pleading requirement in federal court for a defamation action, as pleadings standards are a procedural matter, and no such requirement is set forth in the Federal Rules of Civil Procedure.  *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1441 (2010) (observing that pleadings standards are considered procedural, not substantive, and that federal procedural rules pre-empt rival state rules for proceedings in federal courts); *see also Barber v. Nationwide Commc'ns, Inc.*, No. 3:95-CV-656-H, 1995 WL 940517, at *3 (N.D. Tex. May 30, 1995) (rejecting the heightened defamation pleading standard used in Texas state courts); *see also Stabler v. N.Y. Times, Co.*, 569 F. Supp. 1131, 1138 (S.D. Tex. 1983) (stating that a complaint in a diversity jurisdiction libel case governed by state law need only satisfy the notice requirements of Rule 8 of the Federal Rules of

Civil Procedure). "The Federal Rules of Civil Procedure impose no special pleading requirements for defamation as they do for a specified list of other matters." *Croixland Properties Ltd. P'ship v. Corcoran*, 174 F.3d 213, 215 n.2 (D.C. Cir. 1999) (citing FED. R. CIV. P. 9, which lists the claims requiring enhanced pleadings, and noting that defamation is not included). However, the complaint must contain sufficient detail to put the defendants on notice of the statements alleged to be defamatory and allow them to mount a defense. *See Barber*, 1995 WL 940517, at *3 (citing *Liguori v. Alexander*, 495 F. Supp. 641, 647 (S.D.N.Y. 1980)).

All the same, state law provides the substantive law for the tort of defamation, and federal courts apply federal pleading standards to the substantive elements of the tort as defined by state law. *See Caster v. Hennessey*, 781 F.2d 1569, 1570 (11th Cir. 1986). Though the instant case arises under federal enclave jurisdiction, the substantive law of the common law tort of defamation is incorporated from the law of the surrounding state. *See Mater v. Holley*, 200 F.2d 123, 124-25 (5th Cir. 1953). Accordingly, the Court views the instant case as having a posture similar to that of a diversity jurisdiction case, where the substantive law of a state is applied in a federal forum using federal procedures.

**C.     Analysis**

To state a claim for defamation, a plaintiff's complaint must set out sufficient factual allegations showing: (1) that Defendants published a statement; (2) that the statement was defamatory concerning the Plaintiff; and (3) that Defendants acted with negligence regarding the falsity of the statement. *See Fields v. Keith*, 174 F. Supp. 2d 464, 473 (N.D. Tex. 2001); *see also WFAA-TV, Inc., v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998) (stating that simple negligence as to truthfulness is a sufficient degree of fault when the plaintiff is not a public figure). "If a

statement is slanderous per se, no independent proof of damage to the plaintiff's reputation or of mental anguish is required, as the slander itself gives rise to a presumption of general damages." *Bingham v. Sw. Bell Yellow Pages, Inc.*, No. 2-06-229-CV, 2008 WL 163551, at *3 (Tex. Ct. App. Jan. 17, 2008) (citing *Bentley v. Bunton*, 94 S.W.3d 561, 604 (Tex. 2002)).

### 1.    Publication

For the first element of defamation, Lawler must allege that the moving Defendants published a statement. Publication is defined as the disclosure of the defamatory statement by the maker to a third party; that is, disclosure to someone other than the subject of the statement. *See Doe v. SmithKline Beecham Corp.*, 855 S.W.2d 248, 259 (Tex. Ct. App. 1993). While not the model of clarity, Lawler's pleadings make at least some direct allegations of publication. For instance, Lawler avers that "there were attempts by male subordinate Miratek employees to hold Ms. Lawler in a false light to the government employees over seeing [sic] the contract." Orig. Pet. 4. Read together with her defamation count, this plausibly sets forth an allegation of publication by Defendants Gomez, Gonzalez and Morales. *See id.* at 14. Furthermore, Lawler avers that "untrue rumors" of her "having an affair with Mr. Ismael Delgado" were published to Sylvia Waggoner. *Id.* at 5. Read together with the allegations set forth in the defamation count, this plausibly sets forth another allegation of publication to a third party by the Defendants named there. *See id.* at 14.

Several of the moving Defendants argue that Lawler does not adequately specify their involvement in the defamatory publications, stating that "Lawler attributes these generalized statements to Miratek," and not the moving Defendants. *See*, *e.g.*, Gonzalez Mot. 4. While Lawler's pleadings indeed state that "Miratek made statements accusing Ms. Lawler of aiding in

theft and dishonesty," the pleadings also specifically name "Patricia Bayer, Flor Angelica Delgado, Stan Green, Francisco Gomez, Domingo Gonzales III [sic], Manuel Morales, and Issac Trejo" as participants in the publication, in the immediately preceding sentence. Orig. Pet. 14. Thus, Lawler *does* attribute the defamatory statements to the moving Defendants as well.

### 2. Defamation concerning Plaintiff

For the second element of defamation, Lawler must plead that the published statements were defamatory concerning herself. *See Fields*, 174 F. Supp. 2d at 473. Here, Plaintiff's Complaint identifies the nature of the defamatory statements made by Defendants as statements accusing her of misuse of government employees and property, falsifying employment time sheets, nepotism, having a sexual relationship with a Contract Officer Representative, and causing Defendant Delgado's miscarriages. Orig. Pet. 14. Her pleadings aver that these statements concerned her directly – they were not veiled statements that referred to her only obliquely – and the nature of the statements cited by Lawler, sounding in theft and sexual impropriety, are defamatory on their face. *Id.; see also* 50 Am. Jur. 2d *Libel and Slander* § 137 (2010) (discussing defamation per se).

Under federal pleading rules, a plaintiff need not plead the exact defamatory language; rather, she merely has set out enough information in her Complaint to put defendants on notice of the conduct at issue. *See Pirre v. Printing Dev., Inc.*, 432 F. Supp. 840, 843 (S.D.N.Y. 1977) (holding that pleading the "gist" of slanderous conversations is sufficient to give notice to defendant). In the instant case there is enough information in Plaintiff's Complaint to inform the moving Defendants of the content of the statements and the workplace context in which they were made. There is also enough information in the pleadings to inform the moving Defendants

that the conduct alleged is defamatory about Lawler in an employment context, given that the statements "[concern a] person in the capacity of an employee" and are alleged to "have caused injury to the person's business, trade, profession, or office." *See* Elizabeth D. Lauzon, Annotation, *Statements Reflecting Upon Nongovernmental Employee as Defamation Per Se– Injury to Plaintiff's Business, Trade, Profession, or Office*, 52 A.L.R.6th 271 (2010). As such, Plaintiff's Complaint adequately alleges that the statements were defamatory to her.

      **3.**      **Negligence**

Negligence regarding the truth or falsity of the negative statements is the third element of defamation. *See Fields*, 174 F. Supp. 2d at 473. Lawler avers that the statements at issue were "false and misleading and were made with the intent to harm Ms. Lawler and her reputation. The false statements were made with actual knowledge that they were false[,] or [with] reckless indifference to whether they were true or false." Orig. Pet. 14. While this statement alleges this element of the tort in so many words, it also is, in a sense, conclusory. Conclusory allegations of elements of a claim are generally insufficient to state a claim. *See Twombly*, 550 U.S. at 555. However, in defamation cases, there is very little that can be practically added on this point, beyond the bare assertion that the statements at issue were false, and that the defendants did or should have known that. Accordingly, courts have been reluctant to press for significant additional detail on this element. *See Robinson v. Radio One, Inc.* --- F. Supp. 2d. ----, 2010 WL 606683, at *5-6 (N.D. Tex. Feb. 19, 2010) (accepting plaintiff's averment that he is not a homosexual as adequately pleading the falsity of certain statements which implied that he was a homosexual, and not demanding further particular detail on the issue of pleading negligence). Therefore, this element is satisfied as well.

### 4. Proffered defenses

The moving Defendants also attempt to invoke a defense of privilege, asserting that "to the extent Lawler is claiming that Delgado made defamatory statements in communications with the EEOC, the claim is barred on its face because statements made in judicial and quasi-judicial proceedings are absolutely privileged." Delgado Mot. 2 n.1. However, there is no indication on the face of the pleadings that Lawler's defamation claims are predicated on statements made to the EEOC, and the moving Defendants do not cite to a particular instance where she does try to predicate her defamation claims on such activities. Because an affirmative defense may be considered on a Rule 12(b)(6) motion only when its applicability is apparent of the face of the pleadings, the Court denies any relief on this basis at this juncture. *See EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank*, 467 F.3d 466, 570 (5th Cir. 2006) ("Although dismissal under rule 12(b)(6) may be appropriate based on a successful affirmative defense, that defense must appear on the face of the complaint.").

The moving Defendants also argue that

> Lawler's attempt to raise new factual allegations in her response [] and declaration is procedurally flawed and does not cure the deficiencies of her petition. In ruling on a 12(b)(6) motion, the court is limited to a review of the pleadings which consists of the plaintiff's complaint and any documents attached thereto.

Delgado Reply 4. The moving Defendants cite no authority for this proposition, and it is too narrow as a statement of law. District courts are to review responses to dismissal motions for new or enhanced factual averments that, if incorporated into the complaint, would make it sufficient for Rule 12(b)(6) purposes. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) (ruling on a civil rights claim). If a court finds such sufficient averments, it should not dismiss the complaint. *See id*. In

the instant case, Lawler has used her Response to expand on her averments to a considerable degree.  *See*, *e.g.*, Lilia E. Lawler's Resp. to Flor Angelica Delgado's Mot. 2-9 (Doc. No. 16).  Having reviewed these expanded averments, the Court finds that they provide Defendants an additional amount of context and particularity, which should enable the moving Defendants to understand the nature of Lawler's Complaint and help them mount a defense.  Accordingly, the Court does not disregard Lawler's Response in the context of the instant Motions.

### III.   CONCLUSION

For the foregoing reasons, the Motions to Dismiss submitted by Defendants Delgado, Lucero, Gonzales, and Morales (Docs. No. 4, 5, 19, 20) are hereby **DENIED**.

**SO ORDERED**.

**SIGNED** on this 16th day of July, 2010.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE