# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| LILIA E. LAWLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. EP09-CV-252-KC |
| | § | |
| MIRATEK, CORP., et al. | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT PATRICIA LUCERO'S
### FIRST SET OF INTERROGATORIES TO PLAINTIFF

Defendant, Patricia Lucero (hereinafter "Defendant"), requests that Plaintiff, Lilia E. Lawler, answer each of the following interrogatories, separately and fully, in writing and under oath, pursuant to the Federal Rules of Civil Procedure and local rules, and that the answers be signed and sworn to by the person making them and be served on the attorneys for Defendant at their offices at 5809 Acacia Circle, El Paso, Texas 79912, within 30 days after service of these interrogatories. The Plaintiff is requested to supplement the responses to these interrogatories as required by the Texas Rules of Civil Procedure.

### I. DEFINITIONS

1.    "You" or "your" refers to Plaintiff, the party to whom these discovery requests are directed, her sole or joint agents, partners, representatives, and, unless privileged, her attorneys.

2.    "Document" means the complete original or a true, correct and complete copy, and any non-identical copies of any and all material that is written, printed, typed, photographed, recorded, or which is capable of being recorded in any form, and is subject to production under the Federal Rules of Civil Procedure.

I

The term "document" is intended to include papers, books, writings, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations or of interviews, conferences, or meetings. It also includes electronic mail messages ("e-mail"), diary entries, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, plans, specifications, sketches, instructions, charts, manuals, brochures, publications, schedules, price lists, client lists, journals, statistical records, desk calendars, appointment books, lists, tabulations, sound recordings, computer printouts, books of accounts, checks, accounting records, vouchers, and invoices reflecting business operations, financial statements, and any notes or drafts relating to the foregoing.

3.      "Identify" when used in connection with an individual person means to give that individual's name, last known address, telephone number, and last known employer. When used in connection with a corporation or business, it means to identify the name, address and telephone number of that corporation or business. When used in connection with documents, it means to identify the document's author, its title, the date the document was prepared, the person, persons or entity to whom the document was addressed, the document's present location.

## II. INSTRUCTIONS

1.      The scope of the information sought by these discovery requests includes all responsive information and documents possessed by Plaintiff. The information requested includes that in possession of Plaintiff, her sole or joint agents, partners, representatives, and, unless privileged, her attorneys and investigators. Information to be furnished includes hearsay.

2.      Although these requests for production of documents seek answers as of the date of Plaintiff's response to them, they are continuing in nature so that any additional information relating in any way to these discovery requests that Plaintiff may acquire or that becomes known to hyer shall be furnished to Defendant promptly after such information is acquired or becomes known.

3.      If you cannot answer the following discovery requests in full after exercising due diligence to secure the requisite information, so state, and answer the remainder of the discovery request to the extent possible, describe what efforts you made to obtain the unknown information, and state whatever information or knowledge you have concerning all unanswered portions of the discovery request.

4.      If any information, described by (or responsive to) these interrogatories is withheld under any claim of privilege, specify the grounds for your claim that the information is privileged.

## III. INTERROGATORIES

**INTERROGATORY NO. 1:** Identify in detail every defamatory statement that you believe Defendant made, including, but not limited to, the statement made, why the statement is false, who made the statement, how the statement was published (whether verbal or written and if written, in what format), and the identity of any third party who heard the defamatory statement.

### ANSWER:

**INTERROGATORY NO. 2:**      Identify all other lawsuits to which you have ever been a party, and the other parties to those suits, the reason(s) for the suits, the jurisdiction within which

3

the suits were filed and, if settled or otherwise resolved, the terms of the settlements or judgments.

**ANSWER:**

**INTERROGATORY NO. 3:**     State whether you have ever been arrested for and/or convicted of a crime, and, if so, identify the crime(s) for which you were arrested and/or convicted, the date of your arrest(s) and/or conviction(s), and the jurisdiction within which the arrest(s) and/or conviction(s) occurred.

**ANSWER:**

**INTERROGATORY NO. 4:**     Identify every employer to whom you have submitted an application for employment or otherwise inquired about employment subsequent to your employment with Miratek, including the date such application was made, the person to whom the application was submitted, and whether or not you were hired. For those employers, if any, by whom you were hired, identify the position(s) you held and your duties, the dates of your employment, your supervisor(s), the reason for your separation from employment (if applicable), your wage or salary at the time of separation from employment, any employment benefits you received and the amount of such benefits, and the total gross compensation you earned while employed by such employer.

**ANSWER:**

**INTERROGATORY NO. 5:**     If you are making a claim for mental anguish, emotional distress or any type of psychological injury or compensatory damage identify every doctor and

4

medical facility whom you consulted or from whom you have received treatment for any reason during the last ten years.

**ANSWER:**

**INTERROGATORY NO. 6:** If you are making a claim for mental anguish, emotional distress or any type of psychological injury or compensatory damage, identify every doctor and medical facility whom you consulted or received treatment from for mental distress, mental anguish or physical pain during the last ten years.

**ANSWER:**

**INTERROGATORY NO. 7:** If you are making a claim for mental anguish, emotional distress or any type of psychological injury or compensatory damage, state any mental, emotional, psychological, or physical disabilities, impairments, or other limitations to which you have been subject at any time beginning on January 1, 2005 and continuing to the date of trial, the nature of such condition(s) and any medication or medical appliance or treatment that you used or use for such condition, including, but not limited to, treatment at any hospital, clinic, or sanitarium because of your consumption, if any, of alcohol and/or drugs or because of mental illness. Your response to this Interrogatory should state the beginning and, if applicable, the ending date of your being subject to each such condition.

**ANSWER:**

5

**INTERROGATORY NO. 8:** Identify each document which constitutes or contains information relevant to your claim that Defendant published defamatory statements about you. If you have attached all documents covered by this interrogatory in response to one of Defendant's requests for production, please state that you have done so in lieu of identifying each of the documents.

**ANSWER:**

**INTERROGATORY NO. 9:** Identify each document which constitutes or contains information relevant to your claim that you have suffered damages as a result of Defendant's alleged conduct. If you have attached all documents covered by this interrogatory in response to one of Defendant's requests for production, please state that you have done so in lieu of identifying each of the documents.

**ANSWER:**

**INTERROGATORY NO. 10:** Please state whether you have ever recorded, by any means, any conversations or conduct by Defendant and, if so, please state each and every occasion you recorded any conversations or conduct; briefly describe what you recorded and state whether you have an original, copy or transcript of any recording covered by this interrogatory. Please note that, for purposes of this interrogatory, the term "record", "recorded" or "recording" includes, but is not limited to, any conversation or conduct contained on any photograph, videotape, sound recording device, audiocassette, videocassette, document or any other tangible means.

**ANSWER:**

6

**INTERROGATORY NO. 11:** For each element of damages that you allege you suffered because of allegedly unlawful acts of Defendant and/or that you seek to recover in this lawsuit, please identify the following:

    a.    The nature of each element of damages claimed;

    b.    The dollar amount claimed and its method of calculation;

    c.    The person(s) who calculated or participated in calculating the amount of such damages or who have knowledge concerning the methodology of computing such damages; and

    d.    The person(s) with knowledge of the facts on which your claims for damages are based.

    **ANSWER:**

**INTERROGATORY NO. 12:** Identify all persons who you believe have knowledge of relevant facts and identify the issues upon which you believe they have knowledge.

    **ANSWER:**

Respectfully submitted,

MENDEL• BLUMENFELD, LLP
5809 Acacia Circle
El Paso, Texas 79912
(915) 587-7878
(915) 587-8808 Facsimile

By.

ROBERT L. BLUMENFELD
State Bar No. 00783675
Attorneys for Defendant Patricia H. Lucero

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November, 2010 a true and correct copy of the foregoing First Set of Interrogatories to Plaintiff was served via regular mail to:

Lilia E. Lawler
Plaintiff. Pro Se
PO Box 972715
El Paso, Texas 79997
Tel: 915.694.2154

Charles C. High, Jr. and Gilbert Sanchez
Kemp Smith LLP
Attorneys for Defendant Miratek Corp.
PO Box 2800
El Paso Texas 79999-2800

ROBERT L. BLUMENFELD

8



## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| LILIA E. LAWLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. EP09-CV-252-KC |
| | § | |
| MIRATEK, CORP., et al. | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT PATRICIA LUCERO'S
## FIRST REQUEST FOR PRODUCTION TO PLAINTIFF

Pursuant to the Federal Rules of Civil Procedure and local rules, Defendant, Patricia Lucero (hereinafter "Defendant"), requests that Plaintiff, Lilia Lawler, produce the documents designated below. These documents shall be produced in not less than 30 days after service of this Request, unless the Court specifies a shorter time, at the offices of Defendant's counsel, 5809 Acacia Circle, El Paso, Texas 79912 or, alternatively, at a time, place, and manner mutually agreeable to the parties and/or their attorneys. The documents for inspection shall be produced as they are kept in the usual course of business, or shall be organized and labeled to correspond with the categories in this request. Plaintiff is requested to supplement all documents produced pursuant to the Federal Rules of Civil Procedure.

## I. DEFINITIONS

1.   "You" or "your" or "Plaintiff" refers to the Plaintiff, the party to whom the discovery requests are directed, her sole or joint agents, partners, representatives, and, unless privileged, her attorneys.

1

2.     "Document" means the complete original or a true, correct and complete copy, and any non-identical copies of any and all material that is written, printed, typed, photographed, recorded, or which is capable of being recorded in any form, and is subject to production under the discovery rules of the Federal Rules of Civil Procedure.

The term "document" is intended to include papers, books, writings, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations or of interviews, conferences, or meetings. It also includes diary entries, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, plans, specifications, sketches, instructions, charts, manuals, brochures, publications, schedules, price lists, client lists, journals, statistical records, desk calendars, appointment books, lists, tabulations, sound recordings, computer printouts, books of accounts, checks, accounting records, vouchers, and invoices reflecting business operations, financial statements, and any notes or drafts relating to the foregoing.

3.     "Identify" means to identify the document's author, its title, the date the document was prepared, the person, persons or entity to whom the document was addressed, the document's present location.

4.     "Possession" includes actual physical possession, custody or constructive possession. As long as the person has a superior right to compel production from a third party (including an agency, authority or representative), the person has possession, custody, or control.

2

## II. INSTRUCTIONS

You should deliver a true copy of your responses to the Requests to the undersigned attorney in not less than 30 days after the date of their service upon you. The Defendant requests that you produce each one of the requested documents at the offices of its counsel, Mendel • Blumenfeld, LLP, 5809 Acacia Circle, El Paso, Texas 79912. All documents produced shall be identified to indicate the specific Request(s) to which they are responsive. If any document is withheld on the grounds of privilege, identify the privilege claimed and identify specifically with respect to each and every document so withheld:

1. The date of the document;

2. The title and a brief description of the subject matter of the document;

3. The originator(s) and recipient(s) of all persons who reviewed, read, wrote, signed, initialed or participated in drafting or creating the document; and

4. The identity and present address of the present custodian of the document.

You are requested to supplement your responses to these Requests, pursuant to the discovery supplementation rules of the Federal Rules of Civil Procedure.

## III. REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Produce all documents and tangible things, including all tangible reports, physical models, compilations of data and other material prepared by an expert or for an expert whom you expect to call at the time of trial.

### RESPONSE:

**REQUEST FOR PRODUCTION NO. 2:** Produce copies of any and all medical records in your possession, custody or control relating to the mental anguish, emotional pain or compensatory damages you claim to have suffered as a result of the defamation by Defendant.

### RESPONSE:

**REQUEST FOR PRODUCTION NO. 3:** Produce all medical records, narratives, reports, statements, and/or bills pertaining to any medical treatment related to the mental anguish, emotional pain or compensatory damages you claim to have suffered as a result of the defamation by Defendant.

### RESPONSE:

**REQUEST FOR PRODUCTION NO. 4:** Produce all notes, diaries, chronologies, tapes or any other records you have maintained which document or regard any of the allegations you have made regarding Defendant.

### RESPONSE:

4

**REQUEST FOR PRODUCTION NO. 5:** Produce all statements you have obtained or which are in your possession from anyone, regarding the defamation you claim occurred in this lawsuit.

### RESPONSE:

**REQUEST FOR PRODUCTION NO. 6:** Produce any and all documents that support your contention that Defendant made false statements about you and that the statements were published.

### RESPONSE:

**REQUEST FOR PRODUCTION NO. 7:** Produce any and all documents that support your claims for damages in this case.

### RESPONSE:

**REQUEST FOR PRODUCTION NO. 8:** Produce your state and federal tax returns for the calendar year 2005 and continuing to the date of trial, including W-2 Forms, and any and all other attachments and schedules thereto, and including any joint returns. If any or all of the foregoing returns are not in your possession, custody, or control, please attach one or more (as necessary) properly executed copy(ies) of Internal Revenue Service Form 4506 (attached) to enable Defendant to obtain such returns at its expense from the Internal Revenue Service and/or the appropriate state authority.

### RESPONSE:

5

**REQUEST FOR PRODUCTION NO. 9:** Produce all documents that refer to any other lawsuit to which you have been a party or that you otherwise identified or refer to in your answer to Interrogatory No. 2.

### RESPONSE:

**REQUEST FOR PRODUCTION NO. 10:** Produce all documents that refer to any incident in which you were arrested or convicted of a crime or that you otherwise identified or refer to in your answer to Interrogatory No. 3.

### RESPONSE:

**REQUEST FOR PRODUCTION NO. 11:** Produce all documents that refer to any recordings identified or referred to in your answer to Interrogatory No. 10.

### RESPONSE:

Respectfully submitted,

MENDEL• BLUMENFELD, LLP
5809 Acacia Circle
El Paso, Texas 79912
(915) 587-7878
(915) 587-8808 Facsimile

By: _____

ROBERT L. BLUMENFELD
State Bar No. 00783675
Attorneys for Defendant Patricia H. Lucero



## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November, 2010 a true and correct copy of the foregoing First Request for Production to Plaintiff was served via regular mail to:

Lilia E. Lawler
Plaintiff, Pro Se
PO Box 972715
El Paso, Texas 79997
Tel: 915.694.2154

Charles C. High, Jr. and Gilbert Sanchez
Kemp Smith LLP
Attorneys for Defendant Miratek Corp.
PO Box 2800
El Paso Texas 79999-2800

ROBERT L. BLUMENFELD

 

Form **4506**

(Rev. January 20*0)

Department of the Treasury
Internal Revenue Service

## Request for Copy of Tax Return

OMB No. 1545-0429

➤ **Request may be rejected if the form is incomplete or illegible.**

**Tip.** You may be able to get your tax return or return information from other sources. If you had your tax return completed by a paid preparer, they should be able to provide you a copy of the return. The IRS can provide a **Tax Return Transcript** for many returns free of charge. The transcript provides most of the line entries from the original tax return and usually contains the information that a third party (such as a mortgage company) requires. See **Form 4506-T, Request for Transcript of Tax Return,** or you can call 1-800-829-1040 to order a transcript.

| | |
|---|---|
| **1a** Name shown on tax return. If a joint return, enter the name shown first.<br><br>Lilla E. Lawler | **1b** First social security number on tax return or employer identification number (see instructions) |
| **2a** If a joint return, enter spouse's name shown on tax return. | **2b** Second social security number if joint tax return |

**3** Current name, address (including apt., room, or suite no.), city, state, and ZIP code

**4** Previous address shown on the last return filed if different from line 3

**5** If the tax return is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number. The IRS has no control over what the third party does with the tax return.

Mendel Blumenfeld, LLP, 5809 Acacia Circle, El Paso, Texas 79912  (attn: Robert L. Blumenfeld)

**Caution.** If the tax return is being mailed to a third party, ensure that you have filled in line 6 and line 7 before signing. Sign and date the form once you have filled in these lines. Completing these steps helps to protect your privacy.

**6** **Tax return requested.** Form 1040, 1120, 941, etc. and all attachments as originally submitted to the IRS, including Form(s) W-2, schedules, or amended returns. Copies of Forms 1040, 1040A, and 1040EZ are generally available for 7 years from filing before they are destroyed by law. Other returns may be available for a longer period of time. Enter only one return number. If you need more than one type of return, you must complete another Form 4506. ➤

Note. If the copies must be certified for court or administrative proceedings, check here . . . . . . . . . . . . . . . . . ☐

**7** **Year or period requested.** Enter the ending date of the year or period, using the mm/dd/yyyy format. If you are requesting more than eight years or periods, you must attach another Form 4506.

| 12/31/2005 | 12/31/2006 | 12/31/2007 | 12/31/2008 |
|---|---|---|---|
| 12/31/2009 | | | |

**8** **Fee.** There is a $57 fee for each return requested. Full payment must be included with your request or it will be rejected. Make your check or money order payable to "United States Treasury." Enter your SSN or EIN and "Form 4506 request" on your check or money order.

| | | | |
|---|---|---|---|
| **a** Cost for each return . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **$** | 57.00 | |
| **b** Number of returns requested on line 7. . . . . . . . . . . . . . . . . . . . . | | | |
| **c** Total cost. Multiply line 8a by line 8b . . . . . . . . . . . . . . . . . . . . | **$** | | |

**9** If we cannot find the tax return, we will refund the fee. If the refund should go to the third party listed on line 5, check here . . . . . . . . ☐

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax return requested. If the request applies to a joint return, **either** husband or wife must sign. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506 on behalf of the taxpayer. **Note.** *For tax returns being sent to a third party, this form must be received within 120 days of signature date.*

| | | |
|---|---|---|
| | | Telephone number of taxpayer on line 1a or 2a |
| ➤ Signature (see instructions) | Date | |
| **Sign Here** | | |
| ➤ Title (if line 1a above is a corporation, partnership, estate, or trust) | | |
| ➤ Spouse's signature | Date | |

**For Privacy Act and Paperwork Reduction Act Notice, see page 2.**          Cat. No. 41721E          Form **4506** (Rev. 1-2010)



# General Instructions

*Section references are to the Internal Revenue Code.*

**Purpose of form.** Use Form 4506 to request a copy of your tax return. You can also designate a third party to receive the tax return. See line 5.

**How long will it take?** It may take up to 60 calendar days for us to process your request.

**Tip.** Use Form 4506-T, Request for Transcript of Tax Return, to request tax return transcripts, tax account information, W-2 information, 1099 information, verification of non-filing, and record of account.

**Automated transcript request.** You can call 1-800-829-1040 to order a transcript through the automated self-help system. Follow prompts for "questions about your tax account" to order a tax return transcript.

**Where to file.** Attach payment and mail Form 4506 to the address below for the state you lived in, or the state your business was in, when that return was filed. There are two address charts: one for individual returns (Form 1040 series) and one for all other returns.

If you are requesting a return for more than one year and the chart below shows two different RAIVS teams, send your request to the team based on the address of your most recent return.

## Chart for individual returns (Form 1040 series)

| If you filed an individual return and lived in: | Mail to the "Internal Revenue Service" at: |
| --- | --- |
| Florida, Georgia, North Carolina, South Carolina | RAIVS Team P.O. Box 47-421 Stop 91 Doraville, GA 30362 |
| Alabama, Kentucky, Louisiana, Mississippi, Tennessee, Texas, a foreign country, or A.P.O. or F.P.O. address | RAIVS Team Stop 6716 AUSC Austin, TX 73301 |
| Alaska, Arizona, California, Colorado, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Utah, Washington, Wisconsin, Wyoming | RAIVS Team Stop 37106 Fresno, CA 93888 |
| Arkansas, Connecticut, Delaware, District of Columbia, Maine, Maryland, Massachusetts, Missouri, New Hampshire, New Jersey, New York, Ohio, Pennsylvania, Rhode Island, Vermont, Virginia, West Virginia | RAIVS Team Stop 6705 P-6 Kansas City, MO 64999 |

## Chart for all other returns

| If you lived in or your business was in: | Mail to the "Internal Revenue Service" at: |
| --- | --- |
| Alabama, Alaska, Arizona, Arkansas, California, Colorado, Florida, Hawaii, Idaho, Iowa, Kansas, Louisiana, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Tennessee, Texas, Utah, Washington, Wyoming, a foreign country, or A.P.O. or F.P.O. address | RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409 |
| Connecticut, Delaware, District of Columbia, Georgia, Illinois, Indiana, Kentucky, Maine, Maryland, Massachusetts, Michigan, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Vermont, Virginia, West Virginia, Wisconsin | RAIVS Team P.O. Box 145500 Stop 2800 F Cincinnati, OH 45250 |

# Specific Instructions

**Line 1b.** Enter your employer identification number (EIN) if you are requesting a copy of a business return. Otherwise, enter the first social security number (SSN) shown on the return. For example, if you are requesting Form 1040 that includes Schedule C (Form 1040), enter your SSN.

**Signature and date.** Form 4506 must be signed and dated by the taxpayer listed on line 1a or 2a. If you completed line 5 requesting the return be sent to a third party, the IRS must receive Form 4506 within 120 days of the date signed by the taxpayer or it will be rejected.

*Individuals.* Copies of jointly filed tax returns may be furnished to either spouse. Only one signature is required. Sign Form 4506 exactly as your name appeared on the original return. If you changed your name, also sign your current name.

*Corporations.* Generally, Form 4506 can be signed by: (1) an officer having legal authority to bind the corporation, (2) any person designated by the board of directors or other governing body, or (3) any officer or employee on written request by any principal officer and attested to by the secretary or other officer.

*Partnerships.* Generally, Form 4506 can be signed by any person who was a member of the partnership during any part of the tax period requested on line 7.

*All others.* See section 6103(e) if the taxpayer has died, is insolvent, is a dissolved corporation, or if a trustee, guardian, executor, receiver, or administrator is acting for the taxpayer.

**Documentation.** For entities other than individuals, you must attach the authorization document. For example, this could be the letter from the principal officer authorizing an employee of the corporation or the Letters Testamentary authorizing an individual to act for an estate.

**Signature by a representative.** A representative can sign Form 4506 for a taxpayer only if this authority has been specifically delegated to the representative on Form 2848, line 5. Form 2848 showing the delegation must be attached to Form 4506.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to establish your right to gain access to the requested return(s) under the Internal Revenue Code. We need this information to properly identify the return(s) and respond to your request. Sections 6103 and 6109 require you to provide this information, including your SSN or EIN, to process your request. If you do not provide this information, we may not be able to process your request. Providing false or fraudulent information may subject you to penalties.

Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, and cities, states, and the District of Columbia for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form 4506 will vary depending on individual circumstances. The estimated average time is **Learning about the law or the form,** 10 min., **Preparing the form,** 16 min.; and **Copying, assembling, and sending the form to the IRS,** 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making Form 4506 simpler, we would be happy to hear from you. You can write to Internal Revenue Service, Tax Products Coordinating Committee, SE:W:CAR:MP:T:T SP, 1111 Constitution Ave. NW, IR-6526, Washington, DC 20224. Do not send the form to this address. Instead, see *Where to file* on this page.



# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **LILIA E. LAWLER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. EP09-CV-252-KC** |
| | § | |
| **MIRATEK, CORP., et al.** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT FRANCISCO GOMEZ'S
## FIRST SET OF INTERROGATORIES TO PLAINTIFF

Defendant, Francisco Gomez (hereinafter "Defendant"), requests that Plaintiff, Lilia E. Lawler, answer each of the following interrogatories, separately and fully, in writing and under oath, pursuant to the Federal Rules of Civil Procedure and local rules, and that the answers be signed and sworn to by the person making them and be served on the attorneys for Defendant at their offices at 5809 Acacia Circle, El Paso, Texas 79912, within 30 days after service of these interrogatories. The Plaintiff is requested to supplement the responses to these interrogatories as required by the Texas Rules of Civil Procedure.

## I. DEFINITIONS

1. "You" or "your" refers to Plaintiff, the party to whom these discovery requests are directed, her sole or joint agents, partners, representatives, and, unless privileged, her attorneys.

2. "Document" means the complete original or a true, correct and complete copy, and any non-identical copies of any and all material that is written, printed, typed, photographed, recorded, or which is capable of being recorded in any form, and is subject to production under the Federal Rules of Civil Procedure.

1

The term "document" is intended to include papers, books, writings, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations or of interviews, conferences, or meetings. It also includes electronic mail messages ("e-mail"), diary entries, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, plans, specifications, sketches, instructions, charts, manuals, brochures, publications, schedules, price lists, client lists, journals, statistical records, desk calendars, appointment books, lists, tabulations, sound recordings, computer printouts, books of accounts, checks, accounting records, vouchers, and invoices reflecting business operations, financial statements, and any notes or drafts relating to the foregoing.

3.      "Identify" when used in connection with an individual person means to give that individual's name, last known address, telephone number, and last known employer. When used in connection with a corporation or business, it means to identify the name, address and telephone number of that corporation or business. When used in connection with documents, it means to identify the document's author, its title, the date the document was prepared, the person, persons or entity to whom the document was addressed, the document's present location.

## II. INSTRUCTIONS

1.      The scope of the information sought by these discovery requests includes all responsive information and documents possessed by Plaintiff. The information requested includes that in possession of Plaintiff, her sole or joint agents, partners, representatives, and, unless privileged, her attorneys and investigators. Information to be furnished includes hearsay.

2

2.     Although these requests for production of documents seek answers as of the date of Plaintiff's response to them, they are continuing in nature so that any additional information relating in any way to these discovery requests that Plaintiff may acquire or that becomes known to Plaintiff later shall be furnished to Defendant promptly after such information is acquired or becomes known.

3.     If you cannot answer the following discovery requests in full after exercising due diligence to secure the requisite information, so state, and answer the remainder of the discovery request to the extent possible, describe what efforts you made to obtain the unknown information, and state whatever information or knowledge you have concerning all unanswered portions of the discovery request.

4.     If any information, described by (or responsive to) these interrogatories is withheld under any claim of privilege, specify the grounds for your claim that the information is privileged.

## III. INTERROGATORIES

**INTERROGATORY NO. 1:** Identify in detail every defamatory statement that you believe Defendant made, including, but not limited to, the statement made, why the statement is false, who made the statement, how the statement was published (whether verbal or written and if written, in what format), and the identity of any third party who heard the defamatory statement.

### ANSWER:

3

**INTERROGATORY NO. 2:** Identify each document which constitutes or contains information relevant to your claim that Defendant published defamatory statements about you. If you have attached all documents covered by this interrogatory in response to one of Defendant's requests for production, please state that you have done so in lieu of identifying each of the documents.

**ANSWER:**

**INTERROGATORY NO. 3:** Identify each document which constitutes or contains information relevant to your claim that you have suffered damages as a result of Defendant's alleged conduct. If you have attached all documents covered by this interrogatory in response to one of Defendant's requests for production, please state that you have done so in lieu of identifying each of the documents.

**ANSWER:**

**INTERROGATORY NO. 4:** Please state whether you have ever recorded, by any means, any conversations or conduct by Defendant and, if so, please state each and every occasion you recorded any conversations or conduct; briefly describe what you recorded and state whether you have an original, copy or transcript of any recording covered by this interrogatory. Please note that, for purposes of this interrogatory, the term "record", "recorded" or "recording" includes, but is not limited to, any conversation or conduct contained on any photograph, videotape, sound recording device, audiocassette, videocassette, document or any other tangible means.

**ANSWER:**

4

**INTERROGATORY NO. 5:**    For each element of damages that you allege you suffered because of allegedly unlawful acts of Defendant and/or that you seek to recover in this lawsuit, please identify the following:

    a.    The nature of each element of damages claimed;

    b.    The dollar amount claimed and its method of calculation;

    c.    The person(s) who calculated or participated in calculating the amount of such damages or who have knowledge concerning the methodology of computing such damages; and

    d.    The person(s) with knowledge of the facts on which your claims for damages are based.

    **ANSWER:**

**INTERROGATORY NO. 6:**  Identify all persons who you believe have knowledge of relevant facts and identify the issues upon which you believe they have knowledge.

    **ANSWER:**

Respectfully submitted,

MENDEL• BLUMENFELD, LLP
5809 Acacia Circle
El Paso, Texas 79912
(915) 587-7878
(915) 587-8808 Facsimile

By:_____
ROBERT L. BLUMENFELD
State Bar No. 00783675
Attorneys for Defendant Francisco Gomez

5



## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November, 2010 a true and correct copy of the foregoing First Set of Interrogatories to Plaintiff was served via regular mail to:

Lilia E. Lawler
Plaintiff, Pro Se
PO Box 972715
El Paso, Texas 79997
Tel: 915.694.2154

Charles C. High, Jr. and Gilbert Sanchez
Kemp Smith LLP
Attorneys for Defendant Miratek Corp.
PO Box 2800
El Paso Texas 79999-2800

ROBERT L. BLUMENFELD

6



## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **LILIA E. LAWLER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. EP09-CV-252-KC** |
| | § | |
| **MIRATEK, CORP., et al.** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT FRANCISCO GOMEZ'S
## FIRST REQUEST FOR PRODUCTION TO PLAINTIFF

Pursuant to the Federal Rules of Civil Procedure and local rules, Defendant, Francisco Gomez (hereinafter "Defendant"), requests that Plaintiff, Lilia E. Lawler, produce the documents designated below. These documents shall be produced in not less than 30 days after service of this Request, unless the Court specifies a shorter time, at the offices of Defendant's counsel, 5809 Acacia Circle, El Paso, Texas 79912 or, alternatively, at a time, place, and manner mutually agreeable to the parties and/or their attorneys. The documents for inspection shall be produced as they are kept in the usual course of business, or shall be organized and labeled to correspond with the categories in this request. Plaintiff is requested to supplement all documents produced pursuant to the Federal Rules of Civil Procedure.

## I. DEFINITIONS

1.    "You" or "your" or "Plaintiff" refers to the Plaintiff, the party to whom the discovery requests are directed, her sole or joint agents, partners, representatives, and, unless privileged, her attorneys.

1

2.    "Document" means the complete original or a true, correct and complete copy, and any non-identical copies of any and all material that is written, printed, typed, photographed, recorded, or which is capable of being recorded in any form, and is subject to production under the discovery rules of the Federal Rules of Civil Procedure.

The term "document" is intended to include papers, books, writings, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations or of interviews, conferences, or meetings. It also includes diary entries, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, plans, specifications, sketches, instructions, charts, manuals, brochures, publications, schedules, price lists, client lists, journals, statistical records, desk calendars, appointment books, lists, tabulations, sound recordings, computer printouts, books of accounts, checks, accounting records, vouchers, and invoices reflecting business operations, financial statements, and any notes or drafts relating to the foregoing.

3.    "Identify" means to identify the document's author, its title, the date the document was prepared, the person, persons or entity to whom the document was addressed, the document's present location.

4.    "Possession" includes actual physical possession, custody or constructive possession. As long as the person has a superior right to compel production from a third party (including an agency, authority or representative), the person has possession, custody, or control.

## II. INSTRUCTIONS

You should deliver a true copy of your responses to the Requests to the undersigned attorney in not less than 30 days after the date of their service upon you. The Defendant requests that you produce each one of the requested documents at the offices of its counsel, Mendel • Blumenfeld, LLP, 5809 Acacia Circle, El Paso, Texas 79912. All documents produced shall be identified to indicate the specific Request(s) to which they are responsive. If any document is withheld on the grounds of privilege, identify the privilege claimed and identify specifically with respect to each and every document so withheld:

1.  The date of the document;

2.  The title and a brief description of the subject matter of the document;

3.  The originator(s) and recipient(s) of all persons who reviewed, read, wrote, signed, initialed or participated in drafting or creating the document; and

4.  The identity and present address of the present custodian of the document.

You are requested to supplement your responses to these Requests, pursuant to the discovery supplementation rules of the Federal Rules of Civil Procedure.

## III. REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Produce all documents and tangible things, including all tangible reports, physical models, compilations of data and other material prepared by an expert or for an expert whom you expect to call at the time of trial.

### RESPONSE:

**REQUEST FOR PRODUCTION NO. 2:** Produce copies of any and all medical records in your possession, custody or control relating to the mental anguish, emotional pain or compensatory damages you claim to have suffered as a result of the defamation by Defendant.

### RESPONSE:

**REQUEST FOR PRODUCTION NO. 3:** Produce all medical records, narratives, reports, statements, and/or bills pertaining to any medical treatment related to the mental anguish, emotional pain or compensatory damages you claim to have suffered as a result of the defamation by Defendant.

### RESPONSE:

**REQUEST FOR PRODUCTION NO. 4:** Produce all notes, diaries, chronologies, tapes or any other records you have maintained which document or regard any of the allegations you have made regarding Defendant.

### RESPONSE:

4

**REQUEST FOR PRODUCTION NO. 5:** Produce all statements you have obtained or which are in your possession from anyone, regarding the defamation you claim occurred in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** Produce any and all documents that support your contention that Defendant made false statements about you and that the statements were published.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** Produce any and all documents that support your claims for damages in this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** Produce all documents that refer to any recordings identified or referred to in your answer to Interrogatory No. 10.

**RESPONSE:**

5

Respectfully submitted,

MENDEL• BLUMENFELD, LLP
5809 Acacia Circle
El Paso, Texas 79912
(915) 587-7878
(915) 587-8808 Facsimile

By:_____
ROBERT L. BLUMENFELD
State Bar No. 00783675
Attorneys for Defendant
Francisco Gomez

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November, 2010 a true and correct copy of the foregoing First Request for Production to Plaintiff was served via regular mail to:

Lilia E. Lawler                          Charles C. High, Jr. and Gilbert Sanchez
Plaintiff, Pro Se                        Kemp Smith LLP
PO Box 972715                            Attorneys for Defendant Miratek Corp.
El Paso, Texas 79997                     PO Box 2800
Tel: 915.694.2154                        El Paso Texas 79999-2800

_____
ROBERT L. BLUMENFELD

6



## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| LILIA E. LAWLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. EP09-CV-252-KC |
| | § | |
| MIRATEK, CORP., et al. | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT FLOR ANGELICA DELGADO'S
## FIRST SET OF INTERROGATORIES TO PLAINTIFF

Defendant, Flor Angelica Delgado (hereinafter "Defendant"), requests that Plaintiff, Lilia

E. Lawler, answer each of the following interrogatories, separately and fully, in writing and

under oath, pursuant to the Federal Rules of Civil Procedure and local rules, and that the answers

be signed and sworn to by the person making them and be served on the attorneys for Defendant

at their offices at 5809 Acacia Circle, El Paso, Texas 79912, within 30 days after service of these

interrogatories. The Plaintiff is requested to supplement the responses to these interrogatories as

required by the Texas Rules of Civil Procedure.

## I. DEFINITIONS

1. "You" or "your" refers to Plaintiff, the party to whom these discovery requests are

directed, her sole or joint agents, partners, representatives, and, unless privileged, her attorneys.

2. "Document" means the complete original or a true, correct and complete copy,

and any non-identical copies of any and all material that is written, printed, typed, photographed,

recorded, or which is capable of being recorded in any form, and is subject to production under

the Federal Rules of Civil Procedure.

1

The term "document" is intended to include papers, books, writings, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations or of interviews, conferences, or meetings. It also includes electronic mail messages ("e-mail"), diary entries, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, plans, specifications, sketches, instructions, charts, manuals, brochures, publications, schedules, price lists, client lists, journals, statistical records, desk calendars, appointment books, lists, tabulations, sound recordings, computer printouts, books of accounts, checks, accounting records, vouchers, and invoices reflecting business operations, financial statements, and any notes or drafts relating to the foregoing.

3.     "Identify" when used in connection with an individual person means to give that individual's name, last known address, telephone number, and last known employer. When used in connection with a corporation or business, it means to identify the name, address and telephone number of that corporation or business. When used in connection with documents, it means to identify the document's author, its title, the date the document was prepared, the person, persons or entity to whom the document was addressed, the document's present location.

## II. INSTRUCTIONS

1.     The scope of the information sought by these discovery requests includes all responsive information and documents possessed by Plaintiff. The information requested includes that in possession of Plaintiff, her sole or joint agents, partners, representatives, and, unless privileged, her attorneys and investigators. Information to be furnished includes hearsay,

2

2.     Although these requests for production of documents seek answers as of the date of Plaintiff's response to them, they are continuing in nature so that any additional information relating in any way to these discovery requests that Plaintiff may acquire or that becomes known to Plaintiff later shall be furnished to Defendant promptly after such information is acquired or becomes known.

3.     If you cannot answer the following discovery requests in full after exercising due diligence to secure the requisite information, so state, and answer the remainder of the discovery request to the extent possible, describe what efforts you made to obtain the unknown information, and state whatever information or knowledge you have concerning all unanswered portions of the discovery request.

4.     If any information, described by (or responsive to) these interrogatories is withheld under any claim of privilege, specify the grounds for your claim that the information is privileged.

## III. INTERROGATORIES

**INTERROGATORY NO. 1:** Identify in detail every defamatory statement that you believe Defendant made, including, but not limited to, the statement made, why the statement is false, who made the statement, how the statement was published (whether verbal or written and if written, in what format), and the identity of any third party who heard the defamatory statement.

### ANSWER:

3

**INTERROGATORY NO. 2:**      Identify each document which constitutes or contains information relevant to your claim that Defendant published defamatory statements about you. If you have attached all documents covered by this interrogatory in response to one of Defendant's requests for production, please state that you have done so in lieu of identifying each of the documents.

**ANSWER:**

**INTERROGATORY NO. 3:**      Identify each document which constitutes or contains information relevant to your claim that you have suffered damages as a result of Defendant's alleged conduct. If you have attached all documents covered by this interrogatory in response to one of Defendant's requests for production, please state that you have done so in lieu of identifying each of the documents.

**ANSWER:**

**INTERROGATORY NO. 4:**      Please state whether you have ever recorded, by any means, any conversations or conduct by Defendant and, if so, please state each and every occasion you recorded any conversations or conduct; briefly describe what you recorded and state whether you have an original, copy or transcript of any recording covered by this interrogatory. Please note that, for purposes of this interrogatory, the term "record", "recorded" or "recording" includes, but is not limited to, any conversation or conduct contained on any photograph, videotape, sound recording device, audiocassette, videocassette, document or any other tangible means.

**ANSWER:**

4

**INTERROGATORY NO. 5:** For each element of damages that you allege you suffered because of allegedly unlawful acts of Defendant and/or that you seek to recover in this lawsuit, please identify the following:

    a.    The nature of each element of damages claimed;

    b.    The dollar amount claimed and its method of calculation;

    c.    The person(s) who calculated or participated in calculating the amount of such damages or who have knowledge concerning the methodology of computing such damages; and

    d.    The person(s) with knowledge of the facts on which your claims for damages are based.

    **ANSWER:**

**INTERROGATORY NO. 6:** Identify all persons who you believe have knowledge of relevant facts and identify the issues upon which you believe they have knowledge.

    **ANSWER:**

Respectfully submitted,

MENDEL• BLUMENFELD, LLP
5809 Acacia Circle
El Paso, Texas 79912
(915) 587-7878
(915) 587-8808 Facsimile

By:_____
ROBERT L. BLUMENFELD
State Bar No. 00783675
Attorneys for Defendant Flor Angelica Delgado

5



## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November, 2010 a true and correct copy of the foregoing First Set of Interrogatories to Plaintiff was served via regular mail to:

Lilia E. Lawler
Plaintiff, Pro Se
PO Box 972715
El Paso, Texas 79997
Tel: 915.694.2154

Charles C. High, Jr. and Gilbert Sanchez
Kemp Smith LLP
Attorneys for Defendant Miratek Corp.
PO Box 2800
El Paso Texas 79999-2800

ROBERT L. BLUMENFELD

6

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **LILIA E. LAWLER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. EP09-CV-252-KC** |
| | § | |
| **MIRATEK, CORP., et al.** | § | |
| | § | |
| **Defendant.** | § | |

### DEFENDANT FLOR ANGELICA DELGADO'S
### FIRST REQUEST FOR PRODUCTION TO PLAINTIFF

Pursuant to the Federal Rules of Civil Procedure and local rules, Defendant, Flor Angelica Delgado (hereinafter "Defendant"), requests that Plaintiff, Lilia E. Lawler, produce the documents designated below. These documents shall be produced in not less than 30 days after service of this Request, unless the Court specifies a shorter time, at the offices of Defendant's counsel, 5809 Acacia Circle, El Paso, Texas 79912 or, alternatively, at a time, place, and manner mutually agreeable to the parties and/or their attorneys. The documents for inspection shall be produced as they are kept in the usual course of business, or shall be organized and labeled to correspond with the categories in this request. Plaintiff is requested to supplement all documents produced pursuant to the Federal Rules of Civil Procedure.

### I. DEFINITIONS

1.  "You" or "your" or "Plaintiff" refers to the Plaintiff, the party to whom the discovery requests are directed, her sole or joint agents, partners, representatives, and, unless privileged, her attorneys.

1

2.      "Document" means the complete original or a true, correct and complete copy, and any non-identical copies of any and all material that is written, printed, typed, photographed, recorded, or which is capable of being recorded in any form, and is subject to production under the discovery rules of the Federal Rules of Civil Procedure.

The term "document" is intended to include papers, books, writings, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations or of interviews, conferences, or meetings. It also includes diary entries, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, plans, specifications, sketches, instructions, charts, manuals, brochures, publications, schedules, price lists, client lists, journals, statistical records, desk calendars, appointment books, lists, tabulations, sound recordings, computer printouts, books of accounts, checks, accounting records, vouchers, and invoices reflecting business operations, financial statements, and any notes or drafts relating to the foregoing.

3.      "Identify" means to identify the document's author, its title, the date the document was prepared, the person, persons or entity to whom the document was addressed, the document's present location.

4.      "Possession" includes actual physical possession, custody or constructive possession. As long as the person has a superior right to compel production from a third party (including an agency, authority or representative), the person has possession, custody, or control.

2

## II. INSTRUCTIONS

You should deliver a true copy of your responses to the Requests to the undersigned attorney in not less than 30 days after the date of their service upon you. The Defendant requests that you produce each one of the requested documents at the offices of its counsel, Mendel • Blumenfeld, LLP, 5809 Acacia Circle, El Paso, Texas 79912. All documents produced shall be identified to indicate the specific Request(s) to which they are responsive. If any document is withheld on the grounds of privilege, identify the privilege claimed and identify specifically with respect to each and every document so withheld:

1.    The date of the document;

2.    The title and a brief description of the subject matter of the document;

3.    The originator(s) and recipient(s) of all persons who reviewed, read, wrote, signed, initialed or participated in drafting or creating the document; and

4.    The identity and present address of the present custodian of the document.

You are requested to supplement your responses to these Requests, pursuant to the discovery supplementation rules of the Federal Rules of Civil Procedure.

## III. REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Produce all documents and tangible things, including all tangible reports, physical models, compilations of data and other material prepared by an expert or for an expert whom you expect to call at the time of trial.

### RESPONSE:

**REQUEST FOR PRODUCTION NO. 2:** Produce copies of any and all medical records in your possession, custody or control relating to the mental anguish, emotional pain or compensatory damages you claim to have suffered as a result of the defamation by Defendant.

### RESPONSE:

**REQUEST FOR PRODUCTION NO. 3:** Produce all medical records, narratives, reports, statements, and/or bills pertaining to any medical treatment related to the mental anguish, emotional pain or compensatory damages you claim to have suffered as a result of the defamation by Defendant.

### RESPONSE:

**REQUEST FOR PRODUCTION NO. 4:** Produce all notes, diaries, chronologies, tapes or any other records you have maintained which document or regard any of the allegations you have made regarding Defendant.

### RESPONSE:

4

**REQUEST FOR PRODUCTION NO. 5:** Produce all statements you have obtained or

which are in your possession from anyone, regarding the defamation you claim occurred

in this lawsuit.

### RESPONSE:

**REQUEST FOR PRODUCTION NO. 6:** Produce any and all documents that support

your contention that Defendant made false statements about you and that the statements

were published.

### RESPONSE:

**REQUEST FOR PRODUCTION NO. 7:** Produce any and all documents that support

your claims for damages in this case.

### RESPONSE:

**REQUEST FOR PRODUCTION NO. 8:** Produce all documents that refer to any

recordings identified or referred to in your answer to Interrogatory No. 10.

### RESPONSE:

Respectfully submitted,

MENDEL• BLUMENFELD, LLP
5809 Acacia Circle
El Paso, Texas 79912
(915) 587-7878
(915) 587-8808 Facsimile

By: 

ROBERT L. BLUMENFELD
State Bar No. 00783675
Attorneys for Defendant
Flor Angelica Delgado

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November, 2010 a true and correct copy of the foregoing First Request for Production to Plaintiff was served via regular mail to:

Lilia E. Lawler
Plaintiff, Pro Se
PO Box 972715
El Paso, Texas 79997
Tel: 915.694.2154

Charles C. High, Jr. and Gilbert Sanchez
Kemp Smith LLP
Attorneys for Defendant Miratek Corp.
PO Box 2800
El Paso Texas 79999-2800

ROBERT L. BLUMENFELD

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | |
|---|---|
| **LILIA E. LAWLER,** | § |
| | § |
| **Plaintiff,** | § |
| | § |
| **v.** | § **No. EP09-CV-252-KC** |
| | § |
| **MIRATEK, CORP., et al.** | § |
| | § |
| **Defendant.** | § |

### DEFENDANT DOMINGO GONZALEZ III'S
### FIRST REQUEST FOR PRODUCTION TO PLAINTIFF

Pursuant to the Federal Rules of Civil Procedure and local rules, Defendant, Domingo Gonzalez III (hereinafter "Defendant"), requests that Plaintiff, Lilia E. Lawler, produce the documents designated below. These documents shall be produced in not less than 30 days after service of this Request, unless the Court specifies a shorter time, at the offices of Defendant's counsel, 5809 Acacia Circle, El Paso, Texas 79912 or, alternatively, at a time, place, and manner mutually agreeable to the parties and/or their attorneys. The documents for inspection shall be produced as they are kept in the usual course of business, or shall be organized and labeled to correspond with the categories in this request. Plaintiff is requested to supplement all documents produced pursuant to the Federal Rules of Civil Procedure.

### I. DEFINITIONS

1.    "You" or "your" or "Plaintiff" refers to the Plaintiff, the party to whom the discovery requests are directed, her sole or joint agents, partners, representatives, and, unless privileged, her attorneys.

1

2.      "Document" means the complete original or a true, correct and complete copy, and any non-identical copies of any and all material that is written, printed, typed, photographed, recorded, or which is capable of being recorded in any form, and is subject to production under the discovery rules of the Federal Rules of Civil Procedure.

The term "document" is intended to include papers, books, writings, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations or of interviews, conferences, or meetings. It also includes diary entries, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, plans, specifications, sketches, instructions, charts, manuals, brochures, publications, schedules, price lists, client lists, journals, statistical records, desk calendars, appointment books, lists, tabulations, sound recordings, computer printouts, books of accounts, checks, accounting records, vouchers, and invoices reflecting business operations, financial statements, and any notes or drafts relating to the foregoing.

3.      "Identify" means to identify the document's author, its title, the date the document was prepared, the person, persons or entity to whom the document was addressed, the document's present location.

4.      "Possession" includes actual physical possession, custody or constructive possession. As long as the person has a superior right to compel production from a third party (including an agency, authority or representative), the person has possession, custody, or control.

## II. INSTRUCTIONS

You should deliver a true copy of your responses to the Requests to the undersigned attorney in not less than 30 days after the date of their service upon you. The Defendant requests that you produce each one of the requested documents at the offices of its counsel, Mendel • Blumenfeld, LLP, 5809 Acacia Circle, El Paso, Texas 79912. All documents produced shall be identified to indicate the specific Request(s) to which they are responsive. If any document is withheld on the grounds of privilege, identify the privilege claimed and identify specifically with respect to each and every document so withheld:

1. The date of the document;

2. The title and a brief description of the subject matter of the document;

3. The originator(s) and recipient(s) of all persons who reviewed, read, wrote, signed, initialed or participated in drafting or creating the document; and

4. The identity and present address of the present custodian of the document.

You are requested to supplement your responses to these Requests, pursuant to the discovery supplementation rules of the Federal Rules of Civil Procedure.

## III. REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Produce all documents and tangible things, including all tangible reports, physical models, compilations of data and other material prepared by an expert or for an expert whom you expect to call at the time of trial.

### RESPONSE:

**REQUEST FOR PRODUCTION NO. 2:** Produce copies of any and all medical records in your possession, custody or control relating to the mental anguish, emotional pain or compensatory damages you claim to have suffered as a result of the defamation by Defendant.

### RESPONSE:

**REQUEST FOR PRODUCTION NO. 3:** Produce all medical records, narratives, reports, statements, and/or bills pertaining to any medical treatment related to the mental anguish, emotional pain or compensatory damages you claim to have suffered as a result of the defamation by Defendant.

### RESPONSE:

**REQUEST FOR PRODUCTION NO. 4:** Produce all notes, diaries, chronologies, tapes or any other records you have maintained which document or regard any of the allegations you have made regarding Defendant.

### RESPONSE:

4

**REQUEST FOR PRODUCTION NO. 5:** Produce all statements you have obtained or which are in your possession from anyone, regarding the defamation you claim occurred in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** Produce any and all documents that support your contention that Defendant made false statements about you and that the statements were published.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** Produce any and all documents that support your claims for damages in this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** Produce all documents that refer to any recordings identified or referred to in your answer to Interrogatory No. 10.

**RESPONSE:**

Respectfully submitted,

MENDEL• BLUMENFELD, LLP
5809 Acacia Circle
El Paso, Texas 79912
(915) 587-7878
(915) 587-9808 Facsimile

By:_____
ROBERT L. BLUMENFELD
State Bar No. 00783675
Attorneys for Defendant
Domingo Gonzalez III

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November, 2010 a true and correct copy of the foregoing First Request for Production to Plaintiff was served via regular mail to:

Lilia E. Lawler                    Charles C. High, Jr. and Gilbert Sanchez
Plaintiff, Pro Se                  Kemp Smith LLP
PO Box 972715                      Attorneys for Defendant Miratek Corp.
El Paso, Texas 79997               PO Box 2800
Tel: 915.694.2154                  El Paso Texas 79999-2800

_____
ROBERT L. BLUMENFELD

## IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| LILIA E. LAWLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. EP09-CV-252-KC |
| | § | |
| MIRATEK, CORP., et al. | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT DOMINGO GONZALEZ III'S
## FIRST SET OF INTERROGATORIES TO PLAINTIFF

Defendant, Domingo Gonzalez III (hereinafter "Defendant"), requests that Plaintiff, Lilia E. Lawler, answer each of the following interrogatories, separately and fully, in writing and under oath, pursuant to the Federal Rules of Civil Procedure and local rules, and that the answers be signed and sworn to by the person making them and be served on the attorneys for Defendant at their offices at 5809 Acacia Circle, El Paso, Texas 79912, within 30 days after service of these interrogatories. The Plaintiff is requested to supplement the responses to these interrogatories as required by the Texas Rules of Civil Procedure.

## I. DEFINITIONS

1.  "You" or "your" refers to Plaintiff, the party to whom these discovery requests are directed, her sole or joint agents, partners, representatives, and, unless privileged, her attorneys.

2.  "Document" means the complete original or a true, correct and complete copy, and any non-identical copies of any and all material that is written, printed, typed, photographed, recorded, or which is capable of being recorded in any form, and is subject to production under the Federal Rules of Civil Procedure.

1

The term "document" is intended to include papers, books, writings, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations or of interviews, conferences, or meetings. It also includes electronic mail messages ("e-mail"), diary entries, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, plans, specifications, sketches, instructions, charts, manuals, brochures, publications, schedules, price lists, client lists, journals, statistical records, desk calendars, appointment books, lists, tabulations, sound recordings, computer printouts, books of accounts, checks, accounting records, vouchers, and invoices reflecting business operations, financial statements, and any notes or drafts relating to the foregoing.

3.     "Identify" when used in connection with an individual person means to give that individual's name, last known address, telephone number, and last known employer. When used in connection with a corporation or business, it means to identify the name, address and telephone number of that corporation or business. When used in connection with documents, it means to identify the document's author, its title, the date the document was prepared, the person, persons or entity to whom the document was addressed, the document's present location.

## II. INSTRUCTIONS

1.     The scope of the information sought by these discovery requests includes all responsive information and documents possessed by Plaintiff. The information requested includes that in possession of Plaintiff, her sole or joint agents, partners, representatives, and, unless privileged, her attorneys and investigators. Information to be furnished includes hearsay.

2

2.      Although these requests for production of documents seek answers as of the date of Plaintiff's response to them, they are continuing in nature so that any additional information relating in any way to these discovery requests that Plaintiff may acquire or that becomes known to Plaintiff later shall be furnished to Defendant promptly after such information is acquired or becomes known.

3.      If you cannot answer the following discovery requests in full after exercising due diligence to secure the requisite information, so state, and answer the remainder of the discovery request to the extent possible, describe what efforts you made to obtain the unknown information, and state whatever information or knowledge you have concerning all unanswered portions of the discovery request.

4.      If any information, described by (or responsive to) these interrogatories is withheld under any claim of privilege, specify the grounds for your claim that the information is privileged.

## III. INTERROGATORIES

**INTERROGATORY NO. 1:** Identify in detail every defamatory statement that you believe Defendant made, including, but not limited to, the statement made, why the statement is false, who made the statement, how the statement was published (whether verbal or written and if written, in what format), and the identity of any third party who heard the defamatory statement.

## ANSWER:

3

**INTERROGATORY NO. 2:**    Identify each document which constitutes or contains information relevant to your claim that Defendant published defamatory statements about you. If you have attached all documents covered by this interrogatory in response to one of Defendant's requests for production, please state that you have done so in lieu of identifying each of the documents.

**ANSWER:**

**INTERROGATORY NO. 3:**    Identify each document which constitutes or contains information relevant to your claim that you have suffered damages as a result of Defendant's alleged conduct. If you have attached all documents covered by this interrogatory in response to one of Defendant's requests for production, please state that you have done so in lieu of identifying each of the documents.

**ANSWER:**

**INTERROGATORY NO. 4:**    Please state whether you have ever recorded, by any means, any conversations or conduct by Defendant and, if so, please state each and every occasion you recorded any conversations or conduct; briefly describe what you recorded and state whether you have an original, copy or transcript of any recording covered by this interrogatory. Please note that, for purposes of this interrogatory, the term "record", "recorded" or "recording" includes, but is not limited to, any conversation or conduct contained on any photograph, videotape, sound recording device, audiocassette, videocassette, document or any other tangible means.

**ANSWER:**

4

**INTERROGATORY NO. 5:** For each element of damages that you allege you suffered because of allegedly unlawful acts of Defendant and/or that you seek to recover in this lawsuit, please identify the following:

    a.    The nature of each element of damages claimed;

    b.    The dollar amount claimed and its method of calculation;

    c.    The person(s) who calculated or participated in calculating the amount of such damages or who have knowledge concerning the methodology of computing such damages; and

    d.    The person(s) with knowledge of the facts on which your claims for damages are based.

    **ANSWER:**


**INTERROGATORY NO. 6**: Identify all persons who you believe have knowledge of relevant facts and identify the issues upon which you believe they have knowledge.

    **ANSWER:**


Respectfully submitted,

MENDEL• BLUMENFELD, LLP
5809 Acacia Circle
El Paso, Texas 79912
(915) 587-7878
(915) 587-8808 Facsimile

By:_____

ROBERT L. BLUMENFELD
State/Bar No. 00783675
Attorneys for Defendant Doming Gonzalez III




## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November, 2010 a true and correct copy of the foregoing First Set of Interrogatories to Plaintiff was served via regular mail to:

Lilia E. Lawler
Plaintiff, Pro Se
PO Box 972715
El Paso, Texas 79997
Tel: 915.694.2154

Charles C. High, Jr. and Gilbert Sanchez
Kemp Smith LLP
Attorneys for Defendant Miratek Corp.
PO Box 2800
El Paso Texas 79999-2800

ROBERT L. BLUMENFELD

6

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **LILIA E. LAWLER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. EP09-CV-252-KC** |
| | § | |
| **MIRATEK, CORP., et al.** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT MANUEL MORALES'
## FIRST SET OF INTERROGATORIES TO PLAINTIFF

Defendant, Manuel Morales (hereinafter "Defendant"), requests that Plaintiff, Lilia E. Lawler, answer each of the following interrogatories, separately and fully, in writing and under oath, pursuant to the Federal Rules of Civil Procedure and local rules, and that the answers be signed and sworn to by the person making them and be served on the attorneys for Defendant at their offices at 5809 Acacia Circle, El Paso, Texas 79912, within 30 days after service of these interrogatories. The Plaintiff is requested to supplement the responses to these interrogatories as required by the Texas Rules of Civil Procedure.

## I. DEFINITIONS

1. "You" or "your" refers to Plaintiff, the party to whom these discovery requests are directed, her sole or joint agents, partners, representatives, and, unless privileged, her attorneys.

2. "Document" means the complete original or a true, correct and complete copy, and any non-identical copies of any and all material that is written, printed, typed, photographed, recorded, or which is capable of being recorded in any form, and is subject to production under the Federal Rules of Civil Procedure.

1

The term "document" is intended to include papers, books, writings, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations or of interviews, conferences, or meetings. It also includes electronic mail messages ("e-mail"), diary entries, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, plans, specifications, sketches, instructions, charts, manuals, brochures, publications, schedules, price lists, client lists, journals, statistical records, desk calendars, appointment books, lists, tabulations, sound recordings, computer printouts, books of accounts, checks, accounting records, vouchers, and invoices reflecting business operations, financial statements, and any notes or drafts relating to the foregoing.

3.      "Identify" when used in connection with an individual person means to give that individual's name, last known address, telephone number, and last known employer. When used in connection with a corporation or business, it means to identify the name, address and telephone number of that corporation or business. When used in connection with documents, it means to identify the document's author, its title, the date the document was prepared, the person, persons or entity to whom the document was addressed, the document's present location.

## II. INSTRUCTIONS

1.      The scope of the information sought by these discovery requests includes all responsive information and documents possessed by Plaintiff. The information requested includes that in possession of Plaintiff, her sole or joint agents, partners, representatives, and, unless privileged, her attorneys and investigators. Information to be furnished includes hearsay.

2

2.     Although these requests for production of documents seek answers as of the date of Plaintiff's response to them, they are continuing in nature so that any additional information relating in any way to these discovery requests that Plaintiff may acquire or that becomes known to Plaintiff later shall be furnished to Defendant promptly after such information is acquired or becomes known.

3.     If you cannot answer the following discovery requests in full after exercising due diligence to secure the requisite information, so state, and answer the remainder of the discovery request to the extent possible, describe what efforts you made to obtain the unknown information, and state whatever information or knowledge you have concerning all unanswered portions of the discovery request.

4.     If any information, described by (or responsive to) these interrogatories is withheld under any claim of privilege, specify the grounds for your claim that the information is privileged.

## III. INTERROGATORIES

**INTERROGATORY NO. 1:** Identify in detail every defamatory statement that you believe Defendant made, including, but not limited to, the statement made, why the statement is false, who made the statement, how the statement was published (whether verbal or written and if written, in what format), and the identity of any third party who heard the defamatory statement.

### ANSWER:

3

**INTERROGATORY NO. 2:** Identify each document which constitutes or contains information relevant to your claim that Defendant published defamatory statements about you. If you have attached all documents covered by this interrogatory in response to one of Defendant's requests for production, please state that you have done so in lieu of identifying each of the documents.

**ANSWER:**

**INTERROGATORY NO. 3:** Identify each document which constitutes or contains information relevant to your claim that you have suffered damages as a result of Defendant's alleged conduct. If you have attached all documents covered by this interrogatory in response to one of Defendant's requests for production, please state that you have done so in lieu of identifying each of the documents.

**ANSWER:**

**INTERROGATORY NO. 4:** Please state whether you have ever recorded, by any means, any conversations or conduct by Defendant and, if so, please state each and every occasion you recorded any conversations or conduct; briefly describe what you recorded and state whether you have an original, copy or transcript of any recording covered by this interrogatory. Please note that, for purposes of this interrogatory, the term "record", "recorded" or "recording" includes, but is not limited to, any conversation or conduct contained on any photograph, videotape, sound recording device, audiocassette, videocassette, document or any other tangible means.

**ANSWER:**

4

**INTERROGATORY NO. 5:** For each element of damages that you allege you suffered because of allegedly unlawful acts of Defendant and/or that you seek to recover in this lawsuit, please identify the following:

    a.    The nature of each element of damages claimed;

    b.    The dollar amount claimed and its method of calculation;

    c.    The person(s) who calculated or participated in calculating the amount of such damages or who have knowledge concerning the methodology of computing such damages; and

    d.    The person(s) with knowledge of the facts on which your claims for damages are based.

    **ANSWER:**


**INTERROGATORY NO. 6:** Identify all persons who you believe have knowledge of relevant facts and identify the issues upon which you believe they have knowledge.

    **ANSWER:**


Respectfully submitted,

MENDEL• BLUMENFELD, LLP
5809 Acacia Circle
El Paso, Texas 79912
(915) 587-7878
(915) 587-8808 Facsimile

By:_____

ROBERT E. BLUMENFELD
State Bar No. 00783675
Attorneys for Defendant Manuel Morales

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November, 2010 a true and correct copy of the foregoing First Set of Interrogatories to Plaintiff was served via regular mail to:

Lilia E. Lawler
Plaintiff, Pro Se
PO Box 972715
El Paso, Texas 79997
Tel: 915.694.2154

Charles C. High, Jr. and Gilbert Sanchez
Kemp Smith LLP
Attorneys for Defendant Miratek Corp.
PO Box 2800
El Paso Texas 79999-2800

ROBERT L. BLUMENFELD

6



## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | |
|---|---|
| **LILIA E. LAWLER,** | § |
| | § |
| **Plaintiff,** | § |
| | § |
| **v.** | § **No. EP09-CV-252-KC** |
| | § |
| **MIRATEK, CORP., et al.** | § |
| | § |
| **Defendant.** | § |

## DEFENDANT MANUEL MORALES'
## FIRST REQUEST FOR PRODUCTION TO PLAINTIFF

Pursuant to the Federal Rules of Civil Procedure and local rules, Defendant, Manuel Morales (hereinafter "Defendant"), requests that Plaintiff, Lilia E. Lawler, produce the documents designated below. These documents shall be produced in not less than 30 days after service of this Request, unless the Court specifies a shorter time, at the offices of Defendant's counsel, 5809 Acacia Circle, El Paso, Texas 79912 or, alternatively, at a time, place, and manner mutually agreeable to the parties and/or their attorneys. The documents for inspection shall be produced as they are kept in the usual course of business, or shall be organized and labeled to correspond with the categories in this request. Plaintiff is requested to supplement all documents produced pursuant to the Federal Rules of Civil Procedure.

## I. DEFINITIONS

1. "You" or "your" or "Plaintiff" refers to the Plaintiff, the party to whom the discovery requests are directed, her sole or joint agents, partners, representatives, and, unless privileged, her attorneys.

1

2. "Document" means the complete original or a true, correct and complete copy, and any non-identical copies of any and all material that is written, printed, typed, photographed, recorded, or which is capable of being recorded in any form, and is subject to production under the discovery rules of the Federal Rules of Civil Procedure.

The term "document" is intended to include papers, books, writings, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations or of interviews, conferences, or meetings. It also includes diary entries, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, plans, specifications, sketches, instructions, charts, manuals, brochures, publications, schedules, price lists, client lists, journals, statistical records, desk calendars, appointment books, lists, tabulations, sound recordings, computer printouts, books of accounts, checks, accounting records, vouchers, and invoices reflecting business operations, financial statements, and any notes or drafts relating to the foregoing.

3. "Identify" means to identify the document's author, its title, the date the document was prepared, the person, persons or entity to whom the document was addressed, the document's present location.

4. "Possession" includes actual physical possession, custody or constructive possession. As long as the person has a superior right to compel production from a third party (including an agency, authority or representative), the person has possession, custody, or control.

2



## II. INSTRUCTIONS

You should deliver a true copy of your responses to the Requests to the undersigned attorney in not less than 30 days after the date of their service upon you. The Defendant requests that you produce each one of the requested documents at the offices of its counsel, Mendel • Blumenfeld, LLP, 5809 Acacia Circle, El Paso, Texas 79912. All documents produced shall be identified to indicate the specific Request(s) to which they are responsive. If any document is withheld on the grounds of privilege, identify the privilege claimed and identify specifically with respect to each and every document so withheld:

1.   The date of the document;

2.   The title and a brief description of the subject matter of the document;

3.   The originator(s) and recipient(s) of all persons who reviewed, read, wrote, signed, initialed or participated in drafting or creating the document; and

4.   The identity and present address of the present custodian of the document.

You are requested to supplement your responses to these Requests, pursuant to the discovery supplementation rules of the Federal Rules of Civil Procedure.

3

## III. REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Produce all documents and tangible things, including all tangible reports, physical models, compilations of data and other material prepared by an expert or for an expert whom you expect to call at the time of trial.

### RESPONSE:

**REQUEST FOR PRODUCTION NO. 2:** Produce copies of any and all medical records in your possession, custody or control relating to the mental anguish, emotional pain or compensatory damages you claim to have suffered as a result of the defamation by Defendant.

### RESPONSE:

**REQUEST FOR PRODUCTION NO. 3:** Produce all medical records, narratives, reports, statements, and/or bills pertaining to any medical treatment related to the mental anguish, emotional pain or compensatory damages you claim to have suffered as a result of the defamation by Defendant.

### RESPONSE:

**REQUEST FOR PRODUCTION NO. 4:** Produce all notes, diaries, chronologies, tapes or any other records you have maintained which document or regard any of the allegations you have made regarding Defendant.

### RESPONSE:

4

**REQUEST FOR PRODUCTION NO. 5:**  Produce all statements you have obtained or which are in your possession from anyone, regarding the defamation you claim occurred in this lawsuit.

### RESPONSE:

**REQUEST FOR PRODUCTION NO. 6:**  Produce any and all documents that support your contention that Defendant made false statements about you and that the statements were published.

### RESPONSE:

**REQUEST FOR PRODUCTION NO. 7:**  Produce any and all documents that support your claims for damages in this case.

### RESPONSE:

**REQUEST FOR PRODUCTION NO. 8:**  Produce all documents that refer to any recordings identified or referred to in your answer to Interrogatory No. 10.

### RESPONSE:

5

Respectfully submitted,

MENDEL• BLUMENFELD, LLP
5809 Acacia Circle
El Paso, Texas 79912
(915) 587-7878
(915) 587/8808 Facsimile

By: 

ROBERT L. BLUMENFELD
State Bar No. 00783675
Attorneys for Defendant
Manuel Morales

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November, 2010 a true and correct copy of the foregoing First Request for Production to Plaintiff was served via regular mail to:

Lilia E. Lawler
Plaintiff, Pro Se
PO Box 972715
El Paso, Texas 79997
Tel: 915.694.2154

Charles C. High, Jr. and Gilbert Sanchez
Kemp Smith LLP
Attorneys for Defendant Miratek Corp.
PO Box 2800
El Paso Texas 79999-2800

ROBERT L. BLUMENFELD

# Exhibit B



Mendel • Blumenfeld, LLP

ATTORNEYS AND COUNSELORS AT LAW

5809 Acacia Circle
El Paso, Texas 79912
915.562.3573    Fax 915.587.8808

ROBERT L. BLUMENFELD
rblumenfeld@mendelblum.com

November 30, 2010

## VIA REGULAR MAIL

Lilia E. Lawler
PO Box 972715
El Paso, Texas 79997

> *Re:    Lawler v. Miratek, et al ; Case No. EP-09-CV-252-KC pending in the United States
> District Court, Western District of Texas, El Paso Division*

Dear Ms. Lawler:

I am the attorney representing the five individual defendants in the above case: Flor Angelica Delgado, Patricia Lucero, Manuel Morales, Domingo Gonzalez, and Francisco Gomez.

I am writing to follow up on my phone message to you earlier today to request that your deposition be taken at 1:30 p.m. on December 16, 2010 at Associated Court Reporters, 221 N. Kansas, Ste. 505, El Paso, Texas 79901. The court reporter's office is located on the 5th floor of the Wells Fargo Bank Building in downtown El Paso. A Notice of Deposition is attached. The purpose of the deposition is to obtain your sworn testimony about this case in an informal setting.

In addition, enclosed are written discovery requests to you from each of my five clients. The first set of written discovery, sent from Patricia Lucero, is slightly more comprehensive than the other four sets of discovery. The reason for this is to avoid unnecessary duplication of efforts.

If you have any questions about your deposition or the discovery, please let me know. Furthermore, if you have retained legal counsel, please send these documents to your new counsel.

Sincerely,

Mendel • Blumenfeld, LLP

By: _____
      Robert L. Blumenfeld

Enclosures
cc:    Gilbert Sanchez
       Kemp Smith, P.C.
       Attorney for Defendant Miratek

# Exhibit C

## Bob Blumenfeld

| From: | Bob Blumenfeld |
|---|---|
| Sent: | Tuesday, November 30, 2010 3:11 PM |
| To: | llawler98@gmail.com |
| Cc: | Gilbert Sanchez |
| Subject: | Discovery Requests/Deposition Notice |
| Attachments: | interrogatories lucero to plaintiff.pdf; interrogatories morales to plaintiff.pdf; interrogatories delgado to plaintiff.pdf; interrogatories gomez to plaintiff.pdf; interrogatories gonzalez to plaintiff.pdf; RFP morales to plaintiff.pdf; RFP delgado to plaintiff.pdf; RFP gomez to plaintiff.pdf; RFP gonzalez to plaintiff.pdf; RFP lucero to plaintiff.pdf |

Ms. Lawler

Attached are electronic copies of the written discovery requests we sent today via regular mail.   There are 10 total documents, consisting of interrogatories and requests for production from each of the five defendants I represent.

If you have any questions, please let me know.

Bob

### Robert L. Blumenfeld
MENDEL · BLUMENFELD, LLP
5809 Acacia Circle
El Paso, Texas 79912
tel: 915.587.7878
fax: 915.587.8808
e-mail: bblumenfeld@acaciapark.com
web: www.mendel-blumenfeld.com

IMPORTANT/CONFIDENTIAL: This message is intended only for the use of the individual or entity to which it is addressed.  This message contains information from the law firm of Mendel · Blumenfeld, LLP, which may be privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is strictly prohibited.  If you receive this communication in error, please notify us immediately at our e-mail, telephone or address listed above.

1

# Exhibit D



## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| LILIA E. LAWLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. EP09-CV-252-KC |
| | § | |
| MIRATEK, CORP., et al. | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF INTENT TO TAKE ORAL DEPOSITION
## OF LILIA E. LAWLER

Defendants, Patricia Lucero, Francisco Gomez, Flor Angelica Delgado, Manuel Morales and Domingo Gonzalez III, hereby notices the deposition of the following individual:

| | |
|---|---|
| TO: | Lilia E. Lawler, P.O. Box 97215, El Paso, Texas 79997. |
| DEPONENT: | **Lilia E. Lawler** |
| TIME/DATE: | December 16, 2010 at 1:30 p.m. and continuing thereafter from day to day until completed. |
| LOCATION: | At the offices of the Associated Court Reporters of El Paso, 221 N. Kansas, Suite 505, El Paso, Texas 79901. |
| PRODUCTION COMPELLED: | None. |
| SCOPE OF EXAMINATION: | Limited only by the Texas Rules of Civil Procedure. |
| OFFICIAL COURT REPORTER: | Associated Court Reporters |
| VIDEOTAPED: | No |
| INTERPRETER: | No |
| SUBPOENA: | No |

Respectfully submitted,

MENDEL• BLUMENFELD, LLP
5809 Acacia Circle
El Paso, Texas 79912
(915) 587-7878
(915) 587-8808 Facsimile

By: _____

ROBERT L. BLUMENFELD
State Bar No. 00783675
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November, 2010, a true and correct copy of the foregoing Notice of Intent to Take Oral Deposition was sent via regular mail to Lilia Lawler, P.O. Box 92715, El Paso, Texas 79997.

_____
ROBERT L. BLUMENFELD

# Exhibit E

## Saudi Cherry

| From: | Bob Blumenfeld |
|---|---|
| Sent: | Tuesday, November 30, 2010 3:12 PM |
| To: | Saudi Cherry |
| Subject: | FW: Miratek Lawsuit - Federal Court |

for the correspondence file

**From:** Bob Blumenfeld
**Sent:** Tuesday, November 30, 2010 2:46 PM
**To:** 'llawler98@gmail.com'
**Cc:** 'Gilbert Sanchez'
**Subject:** Miratek Lawsuit — Federal Court

Ms. Lawler

Thank you for speaking with me today.

I am going to send you two emails today. This first email is to confirm that we are requesting your deposition for 1:30 p.m. on Tuesday, December 16, 2010. The reason we are requesting the deposition now is due to the court's scheduling order state we must conduct discovery by December 20, 2010. The deposition will be at Associated Court Reporters, 221 N. Kansas, 5th Floor, El Paso, Texas 79901. The office for Associated Court Reporters is in the Wells Fargo Bank building downtown.

When we spoke, you indicated you might file a request with the court asking to delay discovery until you have a lawyer to represent you.. We are not opposed to you filing a request for more time to conduct discovery but unless the court grants your request, we need to keep your deposition date set for the afternoon of December 16th so that we can complete the deposition before the December 20th deadline set by Judge Cardone.

The second email, to follow in a moment, contains a copy in Word format of the interrogatories and requests for production from my five clients. All of these documents are also being mailed in hard copy to you today.

If you have any questions, please let me know. Bob

**Robert L. Blumenfeld**
MENDEL BLUMENFELD, LLP
5809 Acacia Circle
El Paso, Texas 79912
tel: 915.587.7878
fax: 915.587.8609
e-mail: bblumenfeld3al@acaciapark.com
web: www.mendel blumenfeld.com

IMPORTANT/CONFIDENTIAL: This message is intended only for the use of the individual or entity to which it is addressed. This message contains information that may be privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, telephone or return e-mail. Thank you.

i

# Exhibit F

 

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **LILIA E. LAWLER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. EP09-CV-252-KC** |
| | § | |
| **MIRATEK, CORP., et al.** | § | |
| | § | |
| **Defendant.** | § | |

## FIRST AMENDED NOTICE OF INTENT TO TAKE ORAL DEPOSITION
## OF LILIA E. LAWLER

Defendants, Patricia Lucero, Francisco Gomez, Flor Angelica Delgado, Manuel Morales and Domingo Gonzalez III, hereby notice the deposition of the following individual:

**TO:**                Lilia E. Lawler, P.O. Box 97215, El Paso, Texas 79997.

**DEPONENT:**            **Lilia E. Lawler**

**TIME/DATE:**           January 12, 2011 at 1:30 p.m. and continuing thereafter from day to day until completed.

**LOCATION:**            At the offices of the Associated Court Reporters of El Paso, 221 N. Kansas, Suite 505, El Paso, Texas 79901.

**PRODUCTION**
**COMPELLED:**           None.

**SCOPE OF**
**EXAMINATION:**         Limited only by the Texas Rules of Civil Procedure.

**OFFICIAL COURT**
**REPORTER:**            Associated Court Reporters

**VIDEOTAPED:**          No

**INTERPRETER:**         No

**SUBPOENA:**            No

Respectfully submitted,

MENDEL• BLUMENFELD, LLP
5809 Acacia Circle
El Paso, Texas 79912
(915) 587-7878
(915) 587-8808 Facsimile

By: _____

ROBERT L. BLUMENFELD
State Bar No. 00783675
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of January, 2011, a true and correct copy of the foregoing Notice of Intent to Take Oral Deposition was sent via email and regular mail to Lilia Lawler, P.O. Box 92715, El Paso, Texas 79997 [email: llawler98@gmail.com] and to counsel for Defendant Miratek, Gilbert Sanchez, Kemp, Smith, PC, 221 N. Kansas, Ste. 1900, El Paso, Texas 79901 [email: gilbert.sanchez@kempsmith.com].

_____
ROBERT L. BLUMENFELD

# Exhibit G



**Mendel·Blumenfeld, LLP**

ATTORNEYS AND COUNSELORS AT LAW

5809 ACACIA CIRCLE
EL PASO, TEXAS 79912
915.587.7878   FAX 915.587.8808

ROBERT L. BLUMENFELD
hblumenfeld@aca.iapark.com

January 8, 2011

## VIA EMAIL AND REGULAR MAIL

Lilia E. Lawler
PO Box 972715
El Paso, Texas 79997

> *Re:    Lawler v. Miratek, et al.; Case No. EP-09-CV-252-KC pending in the United States District Court, Western District of Texas, El Paso Division*

Dear Ms. Lawler:

Attached is a notice setting your deposition for January 12, 2011.  The deposition will take place at 1:30 p.m. at the offices of Associated Court Reporters, Wells Fargo Bank Building, 221 N. Kansas, Suite 505, El Paso, Texas 79901.  The Court Reporter is located on the 5th floor of the building.  We are sending this notice with a date we have selected on our own because you never responded to our proposed dates for your deposition.   If, for some reason, January 12, 2011 is not acceptable to you, we are willing to move the deposition to January 18, 2011 as an alternative date.  Please confirm your receipt of this notice and inform us whether or not you will appear for your deposition on January 12th or 18th.  If you do not agree to appear either date, we will have no choice but to file a motion with the court requesting that you be ordered to appear or face the dismissal of your federal claims.   If we are forced to file such a motion, please be advised we will also seek to recover our fees and costs incurred in filing the motion.

If you have any questions, please let me know.

Sincerely,

MENDEL · BLUMENFELD, LLP

By: Robert L. Blumenfeld

Enclosures
cc:  Gilbert Sanchez
     Kemp Smith, P.C.
     Attorney for Defendant Miratek

5J830VBBLU/54671

## Saudi Cherry

| | |
|---|---|
| From: | Bob Blumenfeld |
| Sent: | Friday, January 07, 2011 4:40 PM |
| To: | Lily Lawler |
| Cc: | Gloert Sanchez |
| Subject: | Notice of Deposition |
| Attachments: | First Amended Notice_of_Deposition_Lilia_Lawler.pdf |

Via email and regular mail

Dear Ms. Lawler

Attached is a notice setting your deposition for January 12, 2011.  The deposition will take place at 1:30 p.m. at the offices of Associated Court Reporters, Wells Fargo Bank Building, 221 N. Kansas, Suite 505, El Paso, Texas 79901.  The Court Reporter is located on the 5th floor of the building  We are sending this notice with a date we have selected on our own because you never responded to our proposed dates for your deposition.   If  for some reason, January 12, 2011 is  not acceptable to you, we are willing to move the deposition to January 19, 2011 as an alternative date.  Please confirm your receipt of this notice and inform us whether or not you will appear for your deposition on January 12th or 19th.   If you do not agree to appear either date, we will have no choice but to file a motion with the court requesting that you  be ordered to appear or face the dismissal of your federal claims.  If we are forced to file such a motion, please be advised we will also seek to recover our fees and costs incurred in filing the motion.

If you have any questions, please let me know.

Robert L. Blumenfeld
MESNE · BLUMENFELD, LLP
5959 Acacia Circle
El Paso, Texas 79912
Tel: 915.587.7878
fax: 915.587.8808
e-mail: rblumenfeld@acaciapark.com
web: www.mendel-blumenfeld.com

IMPORTANT & CONFIDENTIAL.  This message is intended only for the use of the individual or entity to which it is addressed.  This message contains information that may be confidential and/or legally privileged.  If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you received this communication in error, please notify us immediately at our email, telephone or address noted above

1

# Exhibit H

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **LILIA E. LAWLER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. EP09-CV-252-KC** |
| | § | |
| **MIRATEK, CORP., et al.** | § | |
| | § | |
| **Defendant.** | § | |

## SECOND AMENDED NOTICE OF INTENT TO TAKE ORAL DEPOSITION OF LILIA E. LAWLER

Defendants, Patricia Lucero, Francisco Gomez, Flor Angelica Delgado, Manuel Morales and Domingo Gonzalez III, hereby notice the deposition of the following individual:

**TO:**  Lilia E. Lawler, P.O. Box 97215, El Paso, Texas 79997.

**DEPONENT:**  **Lilia E. Lawler**

**TIME/DATE:**  January 18, 2011 at 1:30 p.m. and continuing thereafter from day to day until completed.

**LOCATION:**  At the offices of the Associated Court Reporters of El Paso, 221 N. Kansas, Suite 505, El Paso, Texas 79901.

**PRODUCTION COMPELLED:**  None.

**SCOPE OF EXAMINATION:**  Limited only by the Texas Rules of Civil Procedure.

**OFFICIAL COURT REPORTER:**  Associated Court Reporters

**VIDEOTAPED:**  No

**INTERPRETER:**  No

**SUBPOENA:**  No

Respectfully submitted,

MENDEL• BLUMENFELD, LLP
5809 Acacia Circle
El Paso, Texas 79912
(915) 587-7878
(915) 587-8808 Facsimile

By: _____ /s/ _____ ___ _____
ROBERT L. BLUMENFELD
State Bar No. 00783675
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 11ᵗʰ day of January, 2011, a true and correct copy of the foregoing Notice of Intent to Take Oral Deposition was sent via email and regular mail to Lilia Lawler, P.O. Box 92715, El Paso, Texas 79997 [email: llawler98@gmail.com] and to counsel for Defendant Miratek, Gilbert Sanchez, Kemp, Smith, PC, 221 N. Kansas, Ste. 1900, El Paso, Texas 79901 [email: gilbert.sanchez@kempsmith.com].

_____   _____ /s/ _____   _ _ _
ROBERT L. BLUMENFELD

# Exhibit I



Mendel · Blumenfeld, LLP

ATTORNEYS AND COUNSELORS AT LAW

5809 Acacia Circle
El Paso, Texas 79912
915.587.7878 Fax 915.587.8808

ROBERT L. BLUMENFELD
blumenfeld@mac/park.com

January 11, 2011

## VIA EMAIL AND REGULAR MAIL

Lilia E. Lawler
PO Box 972715
El Paso, Texas 79997

> Re: *Lawler v. Mirutek, et al.; Case No. EP-09-CV-252-KC pending in the United States District Court, Western District of Texas, El Paso Division*

Dear Ms. Lawler:

Attached is a second amended notice of deposition setting your deposition for 1:30 p.m. on Tuesday, January 18, 2011 in the above case. The deposition will take place at the offices of Associated Court Reporters, 221 N. Kansas, 5th Floor, El Paso, Texas 79901. We are sending this notice based on your statement today to my staff that you would not attend a deposition tomorrow, which was the time we set it for after you did not respond to our prior correspondence attempting to schedule your deposition by mutual agreement. If you do not attend the deposition set on Tuesday January 18th, we will file a motion to compel your attendance with the court. We anticipate we will incur approximately one and half hours preparing such a motion, meaning that you will be required to pay up to $300 to us if the court rules in our clients' favor and awards us our attorneys' fees for your failure to attend the deposition.

In addition, my staff informed me that you were not planning to respond to the written discovery submitted to you by my clients in this case. My staff was left with the impression that you wanted us to re-send the questions to you. It is our position that your answers to the written discovery is overdue. Therefore, we would ask once again in writing that you answer the written discovery served on you on November 30, 2010 in this case. If you do not respond by Friday, January 15, 2011, we will have no choice but to file a motion to compel with the federal court. In the motion to compel, we will ask the court to require you to answer the discovery immediately and we will also request the recovery of our attorneys fees for having to make such a request. For your information, we anticipate we will incur approximately two hours of time preparing such a motion, meaning that you will be required to pay up to $400 to us if the court rules in our clients' favor and awards us attorneys' fees based upon your failure to answer written discovery in this case. If you have simply misplaced the written questions we sent to you, we will re-send them by email today so that you have them and can answer them.

Ms. Lawler, we are asking that you comply with the basic discovery obligations on any plaintiff in a civil case - that is, that you answer the written discovery and appear for a deposition. We absolutely do not want to file motions with the court over either of these matters, but we will be

January 11, 2011
Page 2

left with no other choice if you do not answer the discovery and appear for your deposition by the dates set forth in this letter.

If you have any questions, please let me know.

Sincerely,

MENDEL • BLUMENFELD, LLP

By: Robert L. Blumenfeld

Enclosure
cc:  Gilbert Sanchez
     Kemp Smith, P.C.
     Attorney for Defendant Miratek

## Saudi Cherry

| From: | Bob Blumenfeld |
|---|---|
| Sent: | Tuesday, January 11, 2011 4:22 PM |
| To: | Saudi Cherry |
| Subject: | FW: Second Amended Notice of Deposition/Discovery Answers - Lawler v. Miratek, et al |
| Attachments: | Lawler Second Amended Notice_of_Deposition_Lilia_Lawler[1].pdf |

**From:** Bob Blumenfeld
**Sent:** Tuesday, January 11, 2011 4:17 PM
**To:** llawler98@gmail.com
**Cc:** gilbert.sanchez@kempsmith.com
**Subject:** Second Amended Notice of Deposition/Discovery Answers - Lawler v. Miratek, et al

Via email and regular mail

Ms. Lawler:

Attached is a second amended notice of deposition setting your deposition for 1:30 p.m. on Tuesday, January 18, 2011 in the above case. The deposition will take place at the offices of Associated Court Reporters, 221 N. Kansas, 5th Floor, El Paso, Texas 79901. We are sending this notice based on your statement today to my staff that you would not attend a deposition tomorrow, which was the time we set it for after you did not respond to our prior correspondence attempting to schedule your deposition by mutual agreement. If you do not attend the deposition set on Tuesday January 18th, we will file a motion to compel your attendance with the court. We anticipate we will incur approximately one and half hours preparing such a motion, meaning that you will be required to pay up to $300 to us if the court rules in our clients' favor and awards us our attorneys' fees for your failure to attend the deposition.

In addition, my staff informed me that you were not planning to respond to the written discovery submitted to you by my clients in this case. My staff was left with the impression that you wanted us to re-send the questions to you. It is our position that your answers to the written discovery is overdue. Therefore, we would ask once again in writing that you answer the written discovery served on you on November 30, 2010 in this case. If you do not respond by Friday, January 15, 2011, we will have no choice but to file a motion to compel with the federal court. In the motion to compel, we will ask the court to require you to answer the discovery immediately and we will also request the recovery of our attorneys fees for having to make such a request. For your information, we anticipate we will incur approximately two hours of time preparing such a motion, meaning that you will be required to pay up to $400 to us if the court rules in our clients' favor and awards us attorneys' fees based upon your failure to answer written discovery in this case. If you have simply misplaced the written questions we sent to you, we will re-send them by email today so that you have them and can answer them.

Ms. Lawler, we are asking that you comply with the basic discovery obligations on any plaintiff in a civil case - that is, that you answer the written discovery and appear for a deposition. We absolutely do not want to file motions with the court over either of these matters, but we will be left with no other choice if you do not answer the discovery and appear for your deposition by the dates set forth in this letter.

If you have any questions, please let me know.

1

# Exhibit J

```
 1              IN THE UNITED STATES DISTRICT COURT

 2              FOR THE WESTERN DISTRICT OF TEXAS

 3                      EL PASO DIVISION

 4  LILIA E. LAWLER,                 )
                                     )
 5                  PLAINTIFF,       )
                                     )
 6  VS.                              )  NO. EP-09-CV-252-KC
                                     )
 7                                   )
    MIRATECK, CORP., et al.,         )
 8                                   )
                    DEFENDANTS.      )
 9

10              - - - - - - - - - - - - - - - - - - - - - - - -

11              CERTIFICATE OF NONAPPEARANCE

12              - - - - - - - - - - - - - - - - - - - - - - - -

13

14              I, Shelby Wolfe-Power, Certified Shorthand

15  Reporter in and for the State of Texas, and Registered

16  Professional Reporter, do hereby certify to the

17  following:

18              That the ORAL DEPOSITION OF LILIA LAWLER,

19  named party in the above-captioned cause, did not

20  commence as noticed on the 18th of January, 2011, due to

21  the failure of the deponent to appear.

22              The following persons were in attendance:

23              MR. ROBERT L. BLUMENFELD

24              MR. GILBERT SANCHEZ (Via Telephone)

25  CERTIFIED: __COPY__ PREPARED FOR: Blumenfeld
```

1     That $ 88.60 ___ is the deposition officer's

2   charges to the Defendants Lucero et al., for preparing

3   the original Certificate of Nonappearance;

4       That pursuant to information given to the

5   deposition officer at the time of said Statement of

6   Nonappearance, the following includes all parties of

7   record:

8   Ms. Lilia Lawler, Pro se;

9   Mr. Robert L. Blumenfeld, Attorney for Defendants Lucero

10   et al.;

11   Mr. Gilbert Sanchez, Attorney for Defendant MIRATEK;

12       That a copy of this certificate was served on all

13   parties shown herein on __1\1\8\11__ and filed with the

14   Clerk pursuant to Rule 203.3.

15       I further certify that I am neither counsel for,

16   related to, nor employed by any of the parties or

17   attorneys in the action in which this proceeding was

18   taken, and further that I am not financially or

19   otherwise interested in the outcome of the action.

20       Certified by me this _ 18____ day of January,

21   2011.

22

23                    Shelby Wolfe-Power
                      Shelby Wolfe-Power, Texas CSR 4974
                      Expiration Date:  12/31/12
24                    Firm Registration No. 372
                      221 N. Kansas, Suite 505
25                    El Paso, Texas  79901
                      (915) 542-3422

# Exhibit K

## Bob Blumenfeld

| | |
|---|---|
| **From:** | Bob Blumenfeld |
| **Sent:** | Wednesday, January 05, 2011 10:56 AM |
| **To:** | Lily Lawler |
| **Cc:** | Gilbert Sanchez |
| **Subject:** | Federal Case Update - Discovery |
| **Attachments:** | plea 75 order denying more time but amending scheduling dates.pdf |

Via email and regular mail

Ms. Lawler

I am writing to inform you that the federal court denied your motion asking for more time to obtain a lawyer, but granted the Individual Defendants' request to extend discovery through January 20, 2011. The court also granted the Individual Defendants' request to file any motions for summary judgment by February 10, 2011. A copy of the federal court's order is attached for your reference.

In view of the federal court's ruling, I am writing to insist that you: (1) answer the written discovery sent to you by the Individual Defendants on November 30, 2010, as your answers are overdue; and (2) agree to set a date and time for your deposition prior to January 20, 2011.

It is my understanding you will be visiting with the state judge and Mr. Sanchez in the state court case later this week. When you visit, please discuss with Mr. Sanchez whether he and you could be available on any of the following dates for your deposition: January 13, 18, 19 or 20. Once we have a date selected for the deposition, we will send you a notice with the date, time, and location of the deposition.

If you do not answer the written discovery and appear for a deposition on a mutually agreeable date, we will have no choice but to file a motion for sanctions with the federal judge, and we will ask for our attorneys' fees and the dismissal of your lawsuit in that motion.

If you have any questions, please feel free to call, email or write me. Bob

### Robert L. Blumenfeld
MENDEL - BLUMENFELD, LLP
5809 Acacia Circle
El Paso, Texas 79912
tel: 915.587.7878
fax: 915.587.8808
e-mail: bblumenfeld@acaciapark.com
web: www.mendel-blumenfeld.com

**IMPORTANT/CONFIDENTIAL:** this message is intended only for the use of the individual or entity to which it is addressed. This message contains information from the law firm of Mendel - Blumenfeld, LLP, which may be privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is strictly prohibited. If you received this communication in error, please notify us immediately at once mail, telephone or address noted above.

1

## Bob Blumenfeld

| | |
|---|---|
| **From:** | Bob Blumenfeld |
| **Sent:** | Thursday, January 06, 2011 8:32 AM |
| **To:** | Lily Lawler |
| **Cc:** | Gilbert Sanchez |
| **Subject:** | RE: Federal Case Update - Discovery |

Ms. Lawler

We do not want to videotape your deposition, so that is not an issue.

As far as going to jail, no, that is not something that is likely to happen. I have never had anyone go to jail in a civil case, and have never oven heard of it happening. Even if its theoretically possible if you did some very outrageous, it is not going to happen in my estimation. When I referred to sanctions, it refers to the concept of "penalty." When you file a lawsuit, there are rules for discovery of information. So, when you are a plaintiff in a lawsuit filing claims against defendants, the defendants have the right to ask you for information in written discovery (which was done here, and you have not responded) and through oral depositions (which you have, so far, politely refused to do). The judge has given us a deadline to complete discovery by January 20th. If you are not going to voluntarily dismiss the federal claims, which I have suggested is your best option so you can focus on your best legal claims, then I have to start gearing up to try to get your federal claims dismissed the hard way - through motions, and if the motions aren't successful, at trial. For us to prepare for all this on our side, we need to get your answers to the written discovery ASAP and set up your deposition (no video) ASAP.

If you refuse, we will have no choice but to tell the judge you are refusing to conduct discovery required by the federal rules and the court's scheduling order. At that point, the judge can "sanction" you. While I cannot speak for the judge, as this falls into her domain, my guess is she is most likely to merely warn you that you need to comply with our requests or face further possible sanctions. It is possible, however, that the judge will award us our attorneys' fees in the range of $300 to $600 for the time and effort we had to undertake to get you to comply with the basic concept of pretrial discovery. If you continue to refuse to comply, the next most likely sanction is dismissal of your case. I really hope that you will simply agree to do the required discovery so that we don't have to waste the time and effort to ask the court for sanctions.

On a last note, I want to repeat my offer to assist you in dismissing the federal case. If you agree to voluntarily dismiss the federal case (without any harm to your state case), I am sure all of the Defendants will agree not to seek the recovery of costs against you at the end of the case. Although the costs in this case will only be in the range of $1,000, please understand you will be required to pay the costs if your case is dismissed by summary judgment or at trial.

Thanks, and if you have any questions, please let me know. Bob

---

**From:** Lily Lawler [mailto:llawler98@gmail.com]
**Sent:** Wednesday, January 05, 2011 10:25 PM
**To:** Bob Blumenfeld
**Subject:** Re: Federal Case Update - Discovery

Mr. Blumenfeld:

A couple of questions: Are the depositions videotaped? I will not submit to videotaping. Can Judge Cardone put me jail (sanctions)? I have never been arrested.

Regards,

On Wed, Jan 5, 2011 at 10:55 AM, Bob Blumenfeld <bblu@acaciapark.com> wrote:

1

Via email and regular mail

Ms. Lawler

I am writing to inform you that the federal court denied your motion asking for more time to obtain a lawyer, but granted the Individual Defendants' request to extend discovery through January 20, 2011.   The court also granted the Individual Defendants' request to file any motions for summary judgment by February 10, 2011.   A copy of the federal court's order is attached for your reference.

In view of the federal court's ruling, I am writing to insist that you: (1) answer the written discovery sent to you by the Individual Defendants on November 30, 2010, as your answers are overdue; and (2) agree to set a date and time for your deposition prior to January 20, 2011.

It is my understanding you will be visiting with the state judge and Mr. Sanchez in the state court case later this week. When you visit, please discuss with Mr. Sanchez whether he and you could be available on any of the following dates for your deposition: January 13, 18, 19 or 20.   Once we have a date selected for the deposition, we will send you a notice with the date, time, and location of the deposition.

If you do not answer the written discovery and appear for a deposition on a mutually agreeable date, we will have no choice but to file a motion for sanctions with the federal judge, and we will ask for our attorneys' fees and the dismissal of your lawsuit in that motion.

If you have any questions, please feel free to call, email or write me.  Bob

**Robert L. Blumenfeld**
MENDEL - BLUMENFELD, LLP
5809 Acacia Circle
El Paso, Texas 79912
tel: 915.587.7878
fax: 915.587.8808
e-mail: bblumenfeld@acaciapark.com
web: www.mendel-blumenfeld.com

**IMPORTANT/CONFIDENTIAL:** This message is intended only for the use of the individual or entity to which it is addressed. This message contains information from the law firm of Mendel - Blumenfeld, LLP, which may be privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is strictly prohibited. If you receive this communication in error, please notify us immediately at our e-mail, telephone or address listed above.



## Bob Blumenfeld

| | |
|---|---|
| **From:** | Bob Blumenfeld |
| **Sent:** | Tuesday, January 11, 2011 4:17 PM |
| **To:** | llawler98@gmail.com |
| **Cc:** | gilbert.sanchez@kempsmith.com |
| **Subject:** | Second Amended Notice of Deposition/Discovery Answers - Lawler v. Miratek, et al |
| **Attachments:** | Lawler Second Amended Notice_of_Deposition_Lilia_Lawler[1].pdf |

Via email and regular mail

Ms. Lawler:

Attached is a second amended notice of deposition setting your deposition for 1:30 p.m. on Tuesday, January 18, 2011 in the above case. The deposition will take place at the offices of Associated Court Reporters, 221 N. Kansas, 5th Floor, El Paso, Texas 79901. We are sending this notice based on your statement today to my staff that you would not attend a deposition tomorrow, which was the time we set it for after you did not respond to our prior correspondence attempting to schedule your deposition by mutual agreement. If you do not attend the deposition set on Tuesday January 18th, we will file a motion to compel your attendance with the court. We anticipate we will incur approximately one and half hours preparing such a motion, meaning that you will be required to pay up to $300 to us if the court rules in our clients' favor and awards us our attorneys' fees for your failure to attend the deposition.

In addition, my staff informed me that you were not planning to respond to the written discovery submitted to you by my clients in this case. My staff was left with the impression that you wanted us to re-send the questions to you. It is our position that your answers to the written discovery is overdue. Therefore, we would ask once again in writing that you answer the written discovery served on you on November 30, 2010 in this case. If you do not respond by Friday, January 15, 2011, we will have no choice but to file a motion to compel with the federal court. In the motion to compel, we will ask the court to require you to answer the discovery immediately and we will also request the recovery of our attorneys fees for having to make such a request. For your information, we anticipate we will incur approximately two hours of time preparing such a motion, meaning that you will be required to pay up to $400 to us if the court rules in our clients' favor and awards us attorneys' fees based upon your failure to answer written discovery in this case. If you have simply misplaced the written questions we sent to you, we will re-send them by email today so that you have them and can answer them.

Ms. Lawler, we are asking that you comply with the basic discovery obligations on any plaintiff in a civil case - that is, that you answer the written discovery and appear for a deposition. We absolutely do not want to file motions with the court over either of these matters, but we will be left with no other choice if you do not answer the discovery and appear for your deposition by the dates set forth in this letter.

If you have any questions, please let me know.

1

# Exhibit L

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| LILIA E. LAWLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. EP-09-CV-252-KC |
| | § | |
| MIRATEK, CORP., et al. | § | |
| | § | |
| Defendant. | § | |

## AFFIDAVIT OF ROBERT L. BLUMENFELD

1. "My name is Robert L. Blumenfeld. I am over twenty-one (21) years of age, of sound mind and fully competent to testify to matters stated herein. Additionally, the facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I am an attorney duly licensed to practice law in the State of Texas and have been licensed since November 6, 1992. I am also board certified in Labor and Employment Law by the Texas Board of Legal Specialization. I am a member of the State Bar of Texas Labor and Employment Law Section. My practice is focused on representing employers in labor and employment law matters, including defense of wrongful discharge and discrimination claims, managing employee relations, representing employers before state and federal agencies and related employment law matters.

3. I am the attorney representing five individual defendants in the above case.

4. I hereby certify that facts set forth in the attached motion to compel and for sanctions are true and correct.

1

5. I further certify that that documents attached to the motion to compel and for sanctions are true and correct copies of the actual discovery and correspondence at issue in the motion.

6. I further certify that the statements referenced in the motion to compel that were related to me by my staff and/or Gilbert Sanchez, counsel for Defendant Miratek, Inc., are true, correct, and accurate.

7. I am also making this affidavit in support of the request for $700 in fees as a sanction for being required to prepare this motion. This fee request is based on the information set forth in my qualifications in paragraph 2 above and in paragraph 8 to 12 below.

8. I am familiar with the hourly rates charged by lawyers of comparable skill and experience to me in El Paso County. This experience is based on having worked for 5 ½ years at a large El Paso law firm from 1992 to 1998 and, thereafter, for 13 years in my own firm. I routinely work as co-defendants' counsel with other firms in El Paso and, in connection with that work, am aware of the hourly rates charged by attorneys in employment litigation matters such as this. I also review surveys by reputable legal publications regarding attorney's fees rates charged in Texas. Based on my personal knowledge of the rates charged by lawyers of comparable skill and experience, I can attest that a reasonable hourly rate to use for any calculation of attorneys' fees is $200 per hour. This is my hourly rate charged to my clients in this case.

9. Based on my extensive knowledge of the hourly rates charged by lawyers, law firms and legal professionals in El Paso County, Texas, I can attest that the hourly rates of $200 to $275 per hour reflect the prevailing market rate for similar services performed in our community as those performed by me in this case.

2

10. I spent one hour of time yesterday, January 18, 2011, preparing for and attending the deposition of the Plaintiff in this case.

11. I spent two and one-half hours today, January 19, 2011, researching, drafting, and conferring with Miratek's counsel regarding the motion to compel and for sanctions.

12. Overall, I spent three and one-half hours of time that was reasonable and necessary in this case for which I am asking the Court to bill to Plaintiff for her refusal to engage in reasonable, basic discovery.

13. I have read the foregoing Affidavit consisting of three pages and state it is true and correct."

ROBERT L. BLUMENFELD

**SUBSCRIBED AND SWORN TO BEFORE ME** on this _____ day of January, 2011.

NOTARY PUBLIC IN AND
FOR THE SATE OF TEXAS

My commission expires:



CLAUDIA A. CHAPA
MY COMMISSION EXPIRES
November 10, 2013

3